Arthur S. Hirsch, J.
The United States of America, third-party defendant, moves for an order dismissing the third-party complaint pursuant to paragraphs 2 and 7 of subdivision (a) of CPLR 3211 upon the éxpress grounds that this court does not have jurisdiction of the subject matter of the third-party complaint against the United States of America.
The factual background is as follows:
On October 12, 1968 an automobile accident occurred between two automobiles, one owned and operated by the defendants- *12 third-party plaintiffs; the other by the United States of America, as a result of which ithe plaintiffs were injured. A claim was instituted by the plaintiffs against the United States of America, which was settled for a substantial sum. Notwithstanding the settlement, the plaintiffs instituted an action against the defendants who now, on the basis of Dole v. Dow Chem. Co. (30 N Y 2d 143), seek, in a third-party action, to have the. United States of America share proportionately in any verdict acquired by the plaintiffs against them.
It is claimed upon this motion that this State court, in common with all State courts, has no jurisdiction over the United States of America. The movant pointedly shows that the sovereign United States of America may not be sued except where it consents and enables persons to do so. In this instance the third-party plaintiff specifically states in its third-party complaint that the action is brought under the Federal Tort Claims Act (U. S. Code, tit. 28, § 2674 et seq.), and that jurisdiction is predicated expressly thereon.
In the legislation known as the Federal Tort ..Claims Act, the Legislature strictly limited jurisdiction over such claims to the United States District Courts, which have exclusive jurisdiction over claims made under the act. The waiver of the immunity of the sovereign United States was conditioned on suit being brought in the United States District Court. It further provided that the liability must be determined by a Federal District Court Judge sitting without a jury.
There is a wealth of cases holding that claimants under the act must sue in the Federal courts as the act specifies and not in the State courts (Richards v. United States, 369 U. S. 1; Martinez v. Seaton, 285 F. 2d 587; McCraken v. Brown & Root, 101 F. Supp. 180; see, also, 2 West’s Federal Practice Manual [2d ed.], § 1992).
There is no question that Dole v. Dow Chem. Co. (30 N Y 2d 143, supra), provides a means for reaching third-party defendants who have in any sense contributed to the causation of an accident. Were it not for the limitation on situs of suits against the United States of America, the joinder of the United States might well be proper, but such is not the case here.
The third-party plaintiffs urge that jurisdiction in this court is conferred because the law of liability of the State of occurrence applies, and cite Cardillo v. Marble Bldg. (142 N. Y. S. 2d 721). But thé law to be applied as to liability is a far cry from the law with respect to jurisdiction. State courts do not have jurisdiction of the United States of America, as was expressly *13 set forth in the City of Pittsburgh, v. United States (359 F. 2d 564). There, the court said in as many words, that there is no jurisdiction in a State court over any claim asserted against the United States under the Federal Tort Claims Act, because Congress did not consent that the United States may he bound by a State court’s judgment. Factual matters under such a claim, it continued, must be adjudicated by a Federal District Judge in a federal District Court without a jury.
The case cited in opposition, to wit, United States v. Yellow Cab Co. (340 U. S. 543), is mistakenly construed as indicating that the United States of America, as a third-party defendant, was governed by local law, justifying this action. This is a half truth. While the principle is exact, i.e., local law was applied, it was done so in a Federal court with jurisdiction as provided in the act. The Yellow Cab case therefore does not support the third-party plaintiff.
Accordingly, the motion for dismissal of the complaint is granted.