Benjamin F. Nolan, J.
This is a motion by tenant for an order, pursuant to subdivision (d) of section 110 of the New York City Civil Court Act (Housing Court portion), to join the Director of the New York Regional Office of the Veterans’ Administration as a party respondent, on grounds that no benefit checks have been received by tenant from the Veterans’ Administration for February, March and April, 1974, and without such checks tenant will be unablq to pay his rent. Tenant contends that such joinder is authorized “ to effectuate proper housing maintenance standards and promote the public interest ”, as prescribed in said subdivision (d) of section 110.
This motion must be and is denied primarily because, while New York State law governs the substantive issue here, the question is not whose law controls the outcome of the lawsuit but whose law controls the forum in which the lawsuit may be maintained. The United States of America cannot be impleaded in a State court (Gerardi v. Brady, 78 Misc 2d 11; U. S. Code, tit. 28, § 2674 et seq.).
But even if this court were a proper forum for such joinder, it would not be justified under subdivision (d) of section 110 because that section specifically limits joinder to a “ person or city department ”, and it is clear that the Veterans’ Administration is not a “ person or city department ” contemplated by this section.
Nor, could' the joinder of the Veterans’ Administration be brought within the broad scope of subdivision (c) of section 110, which permits this court to employ any remedy, program, procedure or sanction authorized by law “ to accomplish compliance or to protect and promote the public interest ’ ’, because this broad authority is expressly limited to procedures authorized by law “ for the enforcement of housing standards (Emphasis supplied.) In no way could the joinder here of the Veterans’ Administration be construed to be “ for the enforcement of housing standards.”
Finally, a motion of this kind should have at least shown proof of service upon the Veterans’ Administration.
The motion'is, therefore, in all respects denied.