Per Curiam.

Neither section 90 of the Judiciary Law, applicable to lawyer disciplinary proceedings, nor the newly-enacted chapter 578 of the Laws of 1974, effective September 1, 1974, applicable to disclosure of public records, would determine the issue in this case. Internal judicial investigations of charges or complaints against judicial officers are confidential, and no authority, decisional or statutory, suggests otherwise. When, however, such charges or complaints are sustained and the determinations are made public by the court with jurisdiction of the charges, it may be an abuse of discretion, as a matter of public policy, absent compelling circumstances affecting the public interest, not to make available to public scrutiny so much of the record and proceedings as bear on the charges sustained.
Chapter 739 of the Laws of 1974, effective immediately on its approval by the Governor on June 7, 1974, and establishing a temporary commission on judicial conduct, contains a relevant and quite restrictive provision on confidentiality. The provision reads as follows: “ § 44. Confidentially of records. All complaints, correspondence, other papers and data, proceedings and records of the commission shall be confidential and shall not be made available to any person except in the proper discharge of his official duties pursuant to section forty-three; provided, however, that the commission and its designated staff personnel shall have access to the same in performance of their powers and duties; and provided, further, that if a judge who is the subject of a complaint requests it, the complaint, the proceedings of the commission thereon, including the hearing, if any, and the action of the commission with respect to the complaint shall be made public.”
*39 Guided to some extent by that legislation and the principle governing internal judicial investigations, especially where, even if charges are sustained, the subject of the charges is continued in office, the matter should be reviewed by the Appellate Division concerned. Certainly, so much of the record and proceedings which do not relate to the charges sustained need not be disclosed. It appears from the opinion of the Appellate Division (Matter of Suglia, 36 A D 2d 326) and the brief submitted on behalf of the clerk of that court that there is such nonrelated material. As for so much of the record and proceedings which relate to the charges sustained, there should be a public disclosure. If the material is not severable, then the Appellate Division should indicate the basis for its finding of nonseverability. In that fashion, a record may be made of the Appellate Division’s determination which, together with the material involved, may be submitted and reviewed by an appellate court with jurisdiction to review an abuse of discretion as a matter of law. The record in the instant appeal does not include the underlying investigation record or proceedings or the reasons for the Appellate Division’s refusal to make the record of proceedings public.
Judgment modified, without costs, and the proceeding remitted to the Appellate Division, First Department, for further disposition in accordance with the foregoing opinion, and as so modified, affirmed.
Chief Judge Bkeitel and Judges Jasen, Gabrielli, Jones, Wachtler and Babin concur in Per Curiam opinion; Judge Stevens taking no part.
Judgment modified, etc.