ELMER HODGKINS, Petitioner, v BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT NO. 1 OF TOWNS OF CONKLIN, BINGHAMTON, KIRKWOOD AND VESTAL, Respondent.

Third Department, December 18, 1975

*Bernard F. Ashe (Richard C. Heffern* of counsel), for petitioner.

*Shaw, Esworthy, O'Brien & Crowley (Frank C. Shaw* of counsel), for respondent.

KOREMAN, J. By letter dated February 19, 1974 the vice-president of respondent board charged petitioner, a tenured teacher, with insubordination and conduct unbecoming a

teacher, and on February 20, 1974 notice of these charges, which were based upon physical abuse of students, was given to respondent. On February 28, 1974 respondent board found probable cause for the preferment of the charge of insubordination against petitioner, in that he used excessive physical force on students despite warnings and specific directions by his superiors not to do so, and that he did so in violation of the published policy of the school district, which provided that "corporal punishment must be reasonable in manner and moderate in degree." The finding of probable cause was made by a vote of 5 to 4 of the board, with the vice-president, who initiated the charges against petitioner, voting with the majority. A hearing on the charges was held by a hearing panel pursuant to section 3020-a of the Education Law, and the panel found petitioner innocent of all charges except charge I, specification 3, with respect to which the panel found the evidence sufficient to sustain the charge of excessive use of force in pulling the hair of a student on November 7, 1973. The hearing panel recommended that petitioner be reinstated to his position immediately, subject to the loss of five days' pay. The transcript of the hearing was then forwarded to respondent board which met on July 23, 1974 and found petitioner guilty of charge I, specifications 2 and 3 (excessive use of force in two separate instances), and guilty of charge II, specifications 2, 3 and 4 (insubordination in violating district policy regarding corporal punishment of students in three separate instances). As a penalty for these offenses, respondent board dismissed petitioner, an employee since 1957.

Petitioner's contention as to the unconstitutionality of section 3020-a of the Education Law and of the regulations promulgated thereunder (8 NYCRR 82.10, 82.11) were fully considered in his prior appeal to this court (Hodgkins v Central School Dist. No. 1, 48 AD2d 302), and will not be considered again. (See Schwartz v Public Administrator of County of Bronx, 24 NY2d 65.) Petitioner correctly argues that, since subdivision 2 of section 3012 of the Education Law does not include the use of excessive force as a cause for removal, such punishment could not be imposed upon a finding of guilty of that charge. However, such a charge could be relied upon by respondent to establish the charge of insubordination. The present record sufficiently establishes petitioner's guilt of specification No. 3 of charge I in that he did on one occasion pull a strip of hair from the head of a pupil, despite

the warnings of the school principal against the use of excessive physical force. As previously stated, however, a charge of using excessive force may not separately form the basis for petitioner's removal under the statute, and there is nothing in the record to indicate that the use of force amounted to the commission of a crime. Charge II states that petitioner has been insubordinate by violating the published policy of the school district on corporal punishment. The specifications under this charge merely reiterate the same acts considered as use of excessive force under charge I.

Since petitioner could not be removed, under the facts here, except upon a proper finding of guilt on the charge of insubordination, our inquiry is whether substantial evidence exists to support such a finding. In this regard the decision of the respondent must be based solely upon the record in the proceedings before the hearing panel, and shall set forth the reasons and the factual basis for the determination (8 NYCRR 82.11). The reasons and factual basis as set forth by respondent for its determination that petitioner was guilty of the charge of insubordination were two incidents involving "exercise of corporal punishment upon a student". In one instance respondent found that petitioner slapped a student on the face causing redness and abrasion, and that petitioner had been warned previously by the school principal that corporal punishment should not be inflicted on a student that would not be reasonable in manner and moderate in degree. Respondent found further that the circumstances leading to this incident (without setting them forth) and the corporal punishment inflicted "exceeded being reasonable in manner in that it was carried out in a situation evidencing an emotional over-reaction lacking exercise of mature judgment". Also, the incident exceeded moderation in degree as the blow on the boy's face was of sufficient force to leave objective evidence in the coloring of his face. The other incident set forth in the decision relates to the hair pulling incident previously mentioned.

It is clear that respondent's decision does not properly set forth the reasons and the factual basis for its determination as required by the regulation, but simply states its own conclusory observations in arriving at a finding of guilt. It is also clear that the determination that petitioner was guilty of the charge of insubordination is not supported by substantial evidence. On the issue of substantial evidence we note that

respondent's decision is completely silent as to any proceedings before the hearing panel, despite the requirement that it must be based solely upon the record of those proceedings. While the findings and recommendations of the hearing panel are not in any way conclusive upon the employing board, its report is surely part of the record of the proceedings before it, and is entitled to some weight in determining whether substantial evidence exists in the light of the record as a whole (*Matter of Austin v Howard*, 33 NY2d 733; *Matter of Kelly v Murphy*, 20 NY2d 205).

Since the record as a whole lacks substantial evidence to support a finding that the charges against the petitioner, except specification No. 3 of charge I (use of excessive force), were sustained, petitioner's other contentions upon this appeal are not reached or considered.

The determination should be modified by annulling so much thereof as found petitioner guilty of charge I, specification No. 2 and charge II specifications Nos. 2, 3 and 4; matter remitted to respondent with directions to reinstate petitioner in his position as a teacher with appropriate back salary to the date of reinstatement, subject to the loss of five days' pay as the penalty fixed upon the finding of guilt herein, and, as so modified, confirmed, without costs.

SWEENEY, J. P., KANE, MAIN and LARKIN, JJ., concur.

Determination modified by annulling so much thereof as found petitioner guilty of charge I, specification No. 2 and charge II, specifications Nos. 2, 3 and 4, matter remitted to respondent with directions to reinstate petitioner in his position as a teacher with appropriate back salary to the date of reinstatement, subject to the loss of five days' pay as the penalty fixed upon the finding of guilt herein, and, as so modified, confirmed, without costs.