In the Matter of NATHAN W. GABRIEL et al., Appellants, v WILLIAM J. TURNER et al., Constituting the Board of Education of the Bedford Central School District, Respondents.—In a proceeding pursuant to CPLR article 78 to (1) review a determination of the respondent board which abolished certain positions as the head or chairman of a department, (2) reinstate petitioners to the abolished positions, (3) restrain the board from taking any action in furtherance of the elimination of those positions and (4) review the board's refusal to furnish, under the State Freedom of Information Law (Public Officers Law, art 6), certain records pertaining to its deliberations with respect to the abolition of the positions, petitioners appeal from a judgment of the Supreme Court, Westchester County, entered July 25, 1975, which dismissed the petition on the merits, without a hearing. Judgment reversed, on the law, with $50 costs and disbursements, and proceeding remanded to Special Term for a trial of the issues of fact (see CPLR 7804, subd [h]). The respondent board shall (1) prior to the trial of the issues, and within 20 days of the date of the order to be entered hereon, permit petitioners to inspect, pursuant to the State Freedom of Information Law, the official minutes of its meetings pertaining to the elimination of the subject positions and petitioners' competency and (2) pursuant to CPLR 7804 (subd [e]), file with Special Term a certified transcript of its proceedings pertaining to the elimination of the said positions, including its considera-

tion of petitioners' competency. Respondent need not disclose or file minutes of its executive sessions. Prior to 1975, petitioners had been appointed to their respective positions as chairmen and heads of departments in respondents' central school district and had acquired tenure. However, by letter dated January 31, 1975, the district superintendent advised petitioners: "This is to notify you that the position of Head of the * * * Department in the Bedford Central School District will be eliminated beginning with the 1975-76 school year. This is not a notification of the termination of your employment in the school district since there will be a professional position for you in The Fox Lane High School." In this connection, we note that in *Matter of Lezette v Board of Educ., Hudson City School Dist.* (35 NY2d 272, 278), the Court of Appeals stated: "The law is clear that a board of education, acting in good faith and with reasonable judgment, may abolish a teaching position, not only if held by a probationary teacher but even if held by a tenured teacher *(Matter of Young v Board of Educ.,* 35 NY2d 31)." The petition and its supporting affidavits, however, cite statements variously made by superintendent Sabella, high school principal Huebner, board of education members Codding and Turner, etc. (in December, 1973, January 27, 1975, March 4, 1975, April 2, 1975, April 15, 1975 and May 7, 1975), which are critical of petitioners' performance and which clearly suggest that the board's decision to eliminate petitioners' positions was made to circumvent the necessity of affording the tenured petitioners a hearing at which the board would bear the burden of establishing that petitioners were incompetent. In early May, 1975, petitioners requested, pursuant to the Freedom of Information Law, that the board permit them to examine the minutes and records of the board's deliberations pertaining to its decision to eliminate petitioners' positions. These requests were unsuccessful except that, on May 16, 1975, the board permitted inspection of (only) "official" meetings (i.e., not of executive sessions, etc.). Petitioners instituted this article 78 proceeding on May 21, 1975. The affidavits submitted on behalf of the board do not controvert petitioners' recitation of the statements allegedly made on the dates indicated above. In an opposing affidavit, school superintendent Sabella asserts that: "these discussions and comments have been taken out of context, occurred subsequent to the determination by the Board and were responsive to questions by the petitioner and/or representatives of the Teachers Association regarding the competence of the petitioners." Further, the only record of board meetings attached to the board's papers is a resolution enacted *after* the institution of this article 78 proceeding. Although the board's answer sets forth a surface rational "justification" for the abolition of petitioners' positions, respondents' failure to actually controvert petitioners' evidence of "bad faith" statements by school officials and the total absence of board records *contemporaneous with* the deliberations leading up to, and culminating in, its January, 1975 determination, highlight the apparently self-serving, postsuit, retroactive nature of the board's explanation of its conduct, and create issues of fact which require a trial. It may well be that the board's postlitigation explanations are accurate and representative of the events leading to its determination, and that the said determination was made rationally and in good faith, but that cannot be determined without full production, presentation and consideration of the records herein ordered to be produced, and a trial of the issues. Rabin, Acting P. J., Hopkins, Martuscello, Brennan and Munder, JJ., concur.