Per Curiam.

We construe the decision of the Appellate Division, First Department, on remittal in this case as a determination both that the material in this record is nonseverable and that, this being so, there «should be no disclosure here.
We agree on the issue of nonseverability. It does not follow, of course, because the evidence with respect to a sustained charge is inexorably intertwined with that relating to an unsustained charge, that public disclosure should always be foreclosed. Each instance of nonseverability must be confronted individually. In this instance, however, we note that the much more serious of the two charges was rejected and that the sanction imposed for the lesser was of censure only and then for the appearance rather than the fact of impropriety. Implied in the imposition of a sanction short of removal is the conclusion that continuation in judicial service will be in the public interest. It would then be inconsistent, in the absence of weighty contraindication, to expose the Judge to disclosure of accusations, which in the light of the limited disciplinary determination are rationally irrelevant but might lead to unfair prejudice and notoriety, thereby without warrant impairing his capability to render effective judicial service in the future. In the particular combination of circumstances in this case and under the application of a principle rarely to be invoked, therefore, we cannot say that the determination not to disclose was an abuse of discretion as a matter of law.
The judgment of the Appellate Division should therefore be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur in Per Curiam opinion; Judge Cooke taking no part.
Judgment affirmed, without costs.