Robert C. Williams, J.
Plaintiffs move for a preliminary injunction enjoining defendants from publicly disclosing the names, addresses and amount of public assistance received by residents of the Town of Saugerties.
Defendant Greco, the Supervisor and Town Welfare Officer, publicly disclosed his intention to read aloud, at a town board *188 meeting, the names and addresses and amounts of public assistance received by the residents of the town. The stated purpose of such disclosure was to assist the town board in making welfare appropriations by presenting before it all possible information. Plaintiffs, two anonymous welfare recipients of the town, sought and obtained a temporary restraining order, signed by Justice Edward Conway on November 11, 1976, prohibiting such disclosure pending the instant motion. Plaintiffs now seek a preliminary injunction maintaining the status quo pending a trial of the issues herein.
Plaintiffs contend that defendants’ proposed action is violative of Section 136 of the Social Services Law, which governs the disclosability of welfare records. They also allege a violation of their constitutional right of privacy. Defendants contend that public disclosure at a town board meeting is expressly authorized by statute, that there is no right of privacy issue involved herein, and that sufficient grounds do not exist for the granting of a preliminary injunction.
Section 136 of the Social Services Law contains a provision making names, addresses, and amounts received reportable at town board meetings where such board is authorized and required to appropriate funds for public assistance. Plaintiffs do not question the right of defendants to receive such information but rather plaintiffs point to the other subsections of section 136 which indicate that such information should not be made public. Subdivision 2 provides that "All communications and information relating to a person receiving public assistance or care obtained by any social services official, * * * shall be considered confidential”. There are additional safeguards in the statute against release of said information to the news media. Thus, there appears to be the conflict within section 136 that said information may be reported to a town board but is considered confidential.
The resolution of this conflict can be found in the Regulations of the Department of Social Services, (18 NYCRR 357.3 [a]). This regulation, promulgated by the commissioner, provides as follows: "Basis for disclosure of information, (a) Safeguards in disclosing information. Information shall be released to another agency or person only when the public welfare official providing such data is assured that: (1) the conñdential character of the information will be maintained; (2) the information will be used for the purposes for which it is made available, such purposes to be reasonably related to *189 the purposes of the public welfare program and the functioning of the inquiring agency; (3) the information will not be used for commercial or political purposes.” (Emphasis supplied.)
It is clear that the above regulation requires that the information remain confidential even though it be disclosed to a proper body or agency. Public welfare records are protected to save recipients from embarrassment. (Matter of Mellion, 58 Misc 2d 441.) Reading the welfare roll to the town board at a public meeting is not a purpose reasonably related to the purposes of the public welfare program nor the function of the town board. (18 NYCRR 357.3 [a] [2].) The respondents can utilize the records in executive session without any diminution or impairment of their ability to carry out their funding or legislative function. The commissioner has promulgated the above-cited regulation and it is the duty of all those charged by law with the administration of the program to abide by said regulation.
This court recognizes the concern of defendants and other concerned citizens with the problems attendant with the entire welfare structure, including inefficiency and fraud. However, there are provisions in the law to deal with waste or criminality in the program, and a public identification of all residents receiving any assistance whatsoever is not a proper or permissible substitute for a full recourse to such available remedies.
Plaintiffs are entitled to a preliminary injunction since they have shown a clear right to the ultimate relief sought, seek to preserve the status quo, and because the act sought to be enjoined, if not so restrained, would tend to render any permanent injunction or final judgment ineffectual. (7A, Weinstein-Korn-Miller, NY Civ Prac, 63, Injunction.)
Accordingly, the motion is granted and the temporary restraining order issued herein is continued pending the final determination of the issues in this action.