■ In the Matter of the Arbitration between NORTH AMERICAN FOREIGN TRADING CORP, et al., Appellants, and SIDNEY ROSEN, Respondent.— Judgment, Supreme Court, New York County, entered March 14, 1977, unanimously modified, on the law, to vacate a direction by a panel of arbitrators for prearbitration disclosure, and otherwise affirmed, without costs and without disbursements. The application to stay and enjoin an arbitration, wherein the party invoking it had added new demands properly arbitrable under the agreement, was not well founded. It is entirely for the arbitrators to decide, as they have, whether they will pass on the additional issues, this under the rules of the American Arbitration Association, referred to in the written agreement. The panel did, however, exceed its authority by directing prearbitration disclosure. "Under the CPLR, arbitrators do not have the power to direct the parties to engage in disclosure proceedings." (De Sapio v Kohlmeyer, 35 NY2d 401, 406.) Concur—Silverman, J. P., Evans, Lane and Markewich, JJ.

■ In the Matter of WILLIAM MERTENS, As a Judge of the Civil Court of the City of New York.—Motion of Tom Goldstein, of the New York Times, for release of the record of this proceeding is granted to the extent of releasing the portions of the record relevant to the charges sustained by the Referee. Under Matter of Nichols v Gamso (35 NY2d 35 and 38 NY2d 907) we may apparently only release the portions of the record relating to charges which have been sustained, to the extent that that material is severable from the remainder of the record. The Referee sustained some but not all of the charges. And we disagreed with the Referee as to some of the charges that he had sustained. However, we stated (56 AD2d 456, 463): "We accept the Referee's findings on the facts (with one or two exceptions, insignificant in number or effect for our purposes, where the Referee made some inadvertent errors). Accepting the Referee's findings as to the underlying facts, we must consider whether these findings amount to cause for judicial removal or censure." Thus, we agreed with the Referee's findings and disagreed with him only as to legal conclusions. For the purpose of release we deem the Referee's findings of fact sustained by us. Thus, release of portions of the record relating to the charges sustained by the Referee will not involve release of any false accusations. We note also that with the publication of our opinion, practically everything in the charges which the Referee had sustained (except some supporting detail) is already public. As to the question of severability, the briefs before us (including the appendix to petitioner's reply brief) were addressed almost exclusively—in principle exclusively—to the charges which the Referee had sustained. Accordingly, the material released will consist of the following material: (a) briefs in this court; (b) the Referee's report insofar as relates to charges which he sustained and the charges themselves to that extent; (c) testimony and exhibits bearing on such charges. Disputes between the parties as to whether any particular item falls within our direction as material to be released may be referred to a Justice of this court to be designated by the Presiding Justice. Concur—Murphy, P. J., Birns, Silverman, Markewich and Lynch, JJ.