OPINION OF THE COURT
Irving A. Green, J.
This CPLR article 78 proceeding which seeks to enjoin the respondent city from utilizing the Cadet Program provided for in the Federal Comprehensive Employment and Training Act (US Code, tit 29, ch 17, commonly and hereinafter referred to as CETA) appears to be of first impression and raises multiple threshold issues which do not permit the court to determine this application upon the merits in its present posture as submitted to the court.
Effective December 28, 1973, the Congress enacted a plan and design to provide job training and employment opportunities for economically disadvantaged, unemployed and underemployed persons, and to assure that training and other services lead to maximum employment opportunities for such *599 persons and enhance self-sufficiency (US Code, tit 29, § 801). The vehicle to achieve such purpose is stated, in the statute, to be by way of a flexible and decentralized system of Federal, State, and local programs. Administration of the program, including allocation of the available financial assistance necessary for its implementation, is reposed with the Secretary of Labor of the United States.
This application seeks relief enjoining the respondent from "utilizing” a program, available pursuant to such enactment, set forth at section 841 et seq. of title 29 of the United States Code, entitled "Public Service Employment Programs”. The Congressional purpose for such program is stated to be (§ 841): "It is the purpose of this subchapter to provide unemployed and underemployed persons with transitional employment in jobs providing needed public services in areas qualifying for assistance and, wherever feasible, related training and manpower services to enable such persons to move into employment or training not supported under this subchapter.”
Petitioner contends that the respondent city utilizes the personnel obtained via this CETA program to perform duties previously performed by patrolmen employed by the respondent city and that respondent did displace two patrolmen with CETA personnel; and that the utilization of the CETA funds in such manner violates the statutory standards, goals and limitations of such program.
It is immediately apparent that there is not before this court, upon this application, persons who ought to be parties since they might be inequitably affected by any adverse judgment in this proceeding (CPLR 1001) (Skliar v Board of Educ., 45 AD2d 1012). Thus, for example, the persons employed in the CETA program affected by this proceeding as well as the Secretary of Labor of the United States, or his appropriate agent or designee, under whose supervision and administration the CETA program is administered, as well as the New-burgh Civil Service Commission, should be afforded an opportunity to be heard upon the substantial litigated issue presented for determination in this proceeding. Since the appearance before a State court of the United States or its duly constituted executive agencies cannot be compelled, unless waived (Ulen & Co. v Bank Gospodarstwa Krajowego, 261 App Div 1; Marcy Realty Co. v Glassy, 79 Misc 2d 925), the secretary, or his appropriate agent or designee, is invited to file a brief with the court in this proceeding, amicus curiae. *600 The CETA Cadets and the Newburgh Civil Service Commission, who may be affected by the judgment in this proceeding, shall be joined by the petitioner as parties respondent in this proceeding by serving them with notice of the proceedings on or before May 5, 1978, which shall be deemed sufficient.
In addition, the litigated issues in this proceeding cannot be determined without a plenary hearing which is directed to be held at the Surrogate’s courthouse on the 19th day of May, 1978, at 10:00 a.m., and such notice shall so direct.