OPINION OF THE COURT
Edward S. Conway, J.
This is an article 78 proceeding whereby petitioner seeks an order directing the New York State Police to furnish to petitioner certain police records.
Petitioner is an inmate at the Elmira Correctional Facility. An attempt to escape was made by petitioner. There was a chase involving petitioner and another inmate, which involved a stolen vehicle and a refusal by petitioner to pull off the road when directed to do by the State Police.
Petitioner subsequently pulled into a field to surrender when he was shot by the State Police after a scuffle between the police, petitioner and the other inmate, one Rick Lee Neff.
On June 2, 1978, petitioner made a request to the New York *319 State Police for certain of their records, including: (1) a copy of the teletype that was put out on his escape on September 25, 1977; (2) a copy of the stolen car report; (3) a copy of the report by the trooper who shot his revolver, a copy of the report investigating the shooting, the name of the trooper who fired his revolver and the names of all troopers who were at the scene of the shooting.
The request was denied by the New York State Police on June 20, 1978.
Petitioner contends that he has a Court of Claims action pending with reference to the shooting and the records requested are essential to the prosecution of that pending action. Petitioner also contends that said records are public records under section 66-a of the Public Officers Law.
The respondents contend that petitioner has failed to comply with the required appeal procedure set forth in section 89 (subd 4, pars [a], [b]) of the Public Officers Law before commencing this article 78 proceeding. Further, the respondents contend that the records are exempt from disclosure by section 87 (subd 2, par [g]) of the Public Officers Law as they are intra-agency records of the investigation of the shooting.
The court must agree with the contentions of the respondent. The Freedom of Information Law, as recently amended (L 1977, ch 933, eff Jan. 1, 1978), specifically exempts intra- and inter-agency materials which are not: statistical or factual tabulations or data; instructions to staff that affect the public; or final agency policy or determination (Public Officers Law, § 87, subd 2, par [g]). The agency’s decision with reference to taking further action regarding the police officer’s use of his revolver with reference to petitioner and the other inmate, and the data accumulated to be the basis of that decision, are clearly intra-agency materials which are exempt (See Matter of McAulay v Board of Educ., 61 AD2d 1048).
Further, the answering affidavits of Donald G. Brandon have provided the petitioner with the contents of the arrest reports except for the officers’ names which have been deleted pursuant to Matter of Westchester Rockland Newspapers v Mosczydlowski (58 AD2d 234), and the answering papers further advised that no teletype was used for notification of the petitioner’s escape.
In view of the foregoing, the petition is denied.