OPINION OF THE COURT
Parker J. Stone, J.
The petitioner, Herald Company, has commenced a CPLR article 78 proceeding against the respondents for a judgment *638 annulling respondents’ determination denying disclosure of the name of the tenured teacher and the charges placed against the teacher by the respondent, School District of the City of Syracuse (School District). The petition in substance alleges that the petitioner publishes the Syracuse Herald-Journal, an evening newspaper of general circulation in central New York, and employs one Jean Bednarski as a reporter of educational news. The petition further alleges that on or about October 17, 1979, Miss Bednarski, upon learning that a disciplinary hearing was presently being conducted concerning a tenured teacher, applied in writing to the records access officer of the School District for disclosure of the charges which prompted the hearing, and for disclosure of all records pertaining thereto. Her written request for disclosure was filed pursuant to the Freedom of Information Law (Public Officers Law, § 84 et seq.). On October 31, 1979, Miss Bednarski’s request was rejected by the School District upon the grounds that 8 NYCRR 82.9 provides that tenure hearings will be private unless the employee demands a public hearing, and that there is no exception in the regulations permitting public disclosure of any of the events or proceedings relating to.a private hearing.
Upon the service of the notice of petition and petition upon the respondents, and prior to the expiration of respondents’ time to answer, the respondents moved pursuant to CPLR 3211 (subd [a], par 10) to dismiss the petition upon the grounds that the court should not proceed in the absence of a person who should be a party. The respondents also moved to dismiss the petition pursuant to CPLR 3211 (subd [a], par 7) upon the grounds that the petition failed to state a cause of action; however, on the return date of this motion, this portion of the respondents’ motion was withdrawn.
The respondents urge that some person must be designated to represent the interests of the teacher in question and suggest that the teacher’s bargaining agent, Syracuse Teachers Association, be designated a party to the proceeding. The petitioner claims that the teacher is not a necessary party inasmuch as the proceeding is designed to review a denial by a public official of access to materials and that the Freedom of Information Law does not require that the individual who may be the subject matter of public records be joined as a party.
Subdivision 2 of section 87 of the Public Officers Law *639 permits the "agency” such as the respondent School District to deny access to records under specified conditions. Considering the nature of the hearing, it is obvious that some of these conditions do not apply; however, it is also obvious that some of the specified conditions might be quite relevant. For example, section 87 (subd 2, par [a]) permits the denial of records which are specifically exempted from disclosure by State or Federal statute. It could be urged that this provision should be construed so as to encompass the protection afforded by section 3020-a of the Education Law which provides for the expunging of all charges from the teacher’s records upon an acquittal after a hearing. Similarly, section 87 (subd 2, par [b]) of the Public Officers Law which prohibits disclosure if disclosure would constitute "an unwarranted invasion of personal privacy” clearly demands that the personal interests of the individual be of primary concern. Although the interests of the School District are not necessarily adverse to those of the teacher in this proceeding, it is, nevertheless, unrealistic to assume that the School District will undertake to present the teacher’s interests with the same adversary vigor as one would expect from the teacher.
The foregoing discussion relating to certain exceptions permitting the denial of access to public records is not intended by the court to so limit any challenge on the merits by the respondents. It is, however, intended to emphasize the importance that the Legislature has attached to the legitimate interests of the individual in determining whether the requested information should be released.
CPLR 1001 entitled, "Necessary joinder of parties”, states in subdivision (a) that persons ought to be parties "who might be inequitably affected by a judgment in the action”. In view of the unquestionable personal interest the teacher has in respect to the petitioner’s application, and in view of the legal and factual challenges that the teacher may wish to interpose to petitioner’s application, the teacher would be inequitably affected by a judgment if he or she were not allowed to participate (see Patrolmen’s Benevolent Assn. of Newburgh v City of Newburgh, 94 Misc 2d 598).
Pursuant to CPLR 1001 and 7802 (subd [d]), respondents’ motion is granted to the extent that the teacher in question shall be included in this proceeding as a party respondent.
The teacher may not be included by name as a party respondent inasmuch as this would reveal the teacher’s iden *640 tity. The title, of this proceeding is therefore amended so as to add as a party respondent, "J. Doe, being an unnamed teacher, subject to disciplinary hearing by the School District of the City of Syracuse.”
The court has been advised by counsel that the teacher is presently represented in the disciplinary hearing by Bernard Ashe, Esq., Ira P. Rubtchinsky, Esq., of counsel. Consequently, pursuant to CPLR 308 (subd 5), the notice of petition and petition shall be served upon the respondent teacher by serving Mr. Rubtchinsky. Service may be made by certified mail on or before January 25, 1980. The notice of petition shall designate February 25, 1980 as the return date of this proceeding and it will be adjourned to that date.
The respondents School District and Dr. Robert E. Cecile, president of the board of education, shall serve their answer to the petition within 10 days after service with notice of entry of an order determining this motion.