OPINION OF THE COURT
John P. Balio, J.
The petitioner, Herald Company, has instituted this CPLR article 78 proceeding, seeking a judgment annulling the determination of the School District of the City of Syracuse (hereinafter School District) which denied disclosure of the name of and charges placed against a tenured teacher by the School District.
The essential facts may be briefly stated. On March 20, 1979, charges were filed pursuant to section 3020-a of the Education Law against a tenured teacher of the School District. The board of education, in executive session, made a finding of probable cause, and filed the charges with the clerk of the school board and served a copy upon the teacher. Thereafter, the teacher exercised her statutory right (Education Law, § 3020-a, subd 3, par c) to a private hearing, and the Commissioner of Education convened a hearing panel in accordance with the statute. That hearing is still in progress.
On October 22, 1979, Miss Jeanne Bednarski, a reporter of education news for the Syracuse Herald-Journal (an evening newspaper of general circulation in central New York published by petitioner), applied in writing to the School District for disclosure of the name of and charges against the teacher involved in the disciplinary hearing. This request, filed pursuant to the Freedom of Information Law (Public Officers Law, art 6), was rejected on October 31, 1979, by the School District based on section 82.9 of the Regulations of the Commissioner of Education (8 NYCRR 82.9), which provides for a private hearing under these circumstances.
This proceeding was instituted on December 21, 1979, and thereafter the petition was amended to include a necessary party, the teacher, pursuant to a decision and order of the Honorable Parker J. Stone (102 Misc 2d 637). The court heard oral arguments on February 25, 1980, and all parties have submitted memoranda of law, for which the court is most appreciative.
*1044 CONTENTIONS OF THE PARTIES
The petitioner contends that under the amended Freedom of Information Law, all public agency records are presumed to be subject to disclosure and that the School District has failed to demonstrate that one of the exceptions to disclosure is applicable here; and further, that the Committee on Public Access to Records has rendered an advisory opinion to petitioner to the effect that the agency records sought here should be disclosed and such interpretation is not irrational or unreasonable and must, therefore, be upheld.
The School District, in its answer, claims that disclosure of such records is specifically exempted by statute — section 3020-a of the Education Law, which provides for a private hearing; that disclosure of the records would constitute an unwarranted invasion of personal privacy under section 89 (subd 2, par [b]) of the Public Officers Law; and that the School District has published a regulation (Administrative Bulletin No. 64) which denies access to subject records in accordance with subdivision 2 of section 87 of the Public Officers Law. On oral argument and in its memoranda of law, the School District has additionally urged that the records sought to be disclosed constitute inter-agency or intra-agency materials which are not final agency policy or determinations and thus, are items exempt from disclosure under section 87 (subd 2, par [g], cl iii) of the Public Officers Law.
The teacher, in her "Reply Memorandum”, essentially urges that the determination of the Committee on Public Access to Records is advisory only and not binding upon this court and that the records sought here are specifically exempted from disclosure by section 3020-a of the Education Law.
ANALYSIS OF THE LAW
The statutory scheme of the revised Freedom of Information Law (L 1977, ch 933) is to require each public agency to provide access to all records, with certain exceptions, and to place the burden upon any agency resisting disclosure of proving that the material sought comes within the statutory exceptions. (Public Officers Law, § 89, subd 4, par [b]; Matter of New York Teachers Pension Assn. v Teachers’ Retirement System of City of N. Y., 71 AD2d 250; see, also, Matter of Doolan v Board of Coop. Educational Servs., Second Supervisory Dist. of Suffolk County, 48 NY2d 341.)
*1045 DISCLOSURE EXEMPTED BY STATUTE
The agency here, the School District, denied access to the records on the basis that the statute (Education Law, § 3020-a, subd 3, par c) and Commissioner of Education’s Regulations promulgated pursuant to the statute (8 NYCRR 82.9) require the hearing procedure to be private upon request of the teacher and that to disclose the name of and charges against the teacher would violate the clear intent of the statute and irreparably damage the performance ability of the teacher in advance of any finding of guilt.
Without question, an agency may deny access to those records that "are specifically exempted from disclosure by state or federal statute” (Public Officers Law, § 87, subd 2, par [a]). In determining whether records are "specifically exempted” by statute, the exemption must be clearly delineated and the statute narrowly construed. (Matter of Miracle Mile Assoc. v Yudelson, 68 AD2d 176, 181.) This does not mean, however, that the statutory language must contain a specific denial of disclosure; it is sufficient that the clear intent of the statute mandates confidentiality of the proceedings or material. (See Matter of Nichols v Gamso, 35 NY2d 35 [where the statute contained an express prohibition against disclosure]; Matter of Gabriel v Turner, 50 AD2d 889 [where the court denied disclosure as to minutes of "executive sessions” of a board of education]; Doe v Greco, 89 Misc 2d 187, affd 62 AD2d 498 [where the Appellate Division held that records disclosable in executive sessions could not be read at public meetings under subdivision 1 of section 136 of the Social Services Law].)
The statute here, section 3020-a of the Education Law, does not, in haec verba, exempt from disclosure the name of and charges against a tenured teacher. However, it does provide that a disciplinary hearing may be instituted only after the board of education, in executive session, makes a finding of probable cause on the filed charge. (Education Law, § 3020-a, subd 2.) An executive session is not open to the public (Public Officers Law, § 97, subd 3) and a disciplinary charge against an agency employee is a proper subject of an executive session (Public Officers Law, § 100, subd 1, par f). Section 3020-a (subd 3, par c) of the Education Law, together with 8 NYCRR 82.9, provide that the disciplinary hearing shall be private unless the accused teacher requests a public hearing. The clear intent of the statute is to assure privacy of the entire hearing procedure. It is equally clear that disclo *1046 sure of the name of and charges against the teacher would completely subvert that statutory intent and would create a serious likelihood that the teacher’s effectiveness in the classroom and reputation in the community would be severely damaged in advance of any finding of fault. In effect, the entire hearing procedure is held under conditions tantamount to an executive session, and records material to that process, including the teacher’s name and the filed charges should be exempt from disclosure. By mandating privacy in disciplinary hearing procedures, the statute has exempted any records produced by those procedures from disclosure and the court concludes that the School District properly denied the disclosure of the name of and charges against the teacher on the ground that such disclosure is exempted by section 3020-a of the Education Law.
NONFINAL DETERMINATIONS — INTER-AGENCY MATERIALS
The School District also urges that the records sought by petitioner are inter-agency or intra-agency materials that are not statistical or factual tabulations or data, instructions to staff, or final agency policy or determinations and hence, the School District may deny access to such records (Public Officers Law, § 87, subd 2, par [g]).
The court agrees. Except for disclosure of the identity of the accused employee, the instant situation is similar to that presented in People v Morales (97 Misc 2d 733). In Morales, the defendants sought disclosure of records relating to police department investigations, proceedings and/or determinations of prior misconduct of named police officers who were subjects of complaints before the Civilian Complaint Review Board. The court denied access to such records, concluding that such records were intra-agency material involving nonfinal policy or determinations. The application of this exception to "complaints” before the Civilian Complaint Review Board was also discussed in Walker v City of New York (64 AD2d 980), where the court, under the facts presented, concluded that the materials sought involved prior complaints that were now final determinations.
Here, the name of and charges against the teacher do not constitute factual data or staff instructions. The name and charges are part and parcel of an unproved allegation of misconduct similar in substance to an unproved complaint before the Civilian Complaint Review Board. Moreover, any *1047 findings or recommendations of the hearing panel in this instance are not binding on either the board of education or the Commissioner of Education. (Matter of Jerry v Board of Educ., 50 AD2d 149, opp dsmd 39 NY2d 1057; Matter of Hodgkins v Board of Educ., 50 AD2d 73, revd on other grounds 41 NY2d 962; Matter of Mockler v Ambach, 100 Misc 2d 717; see, also, Matter of McAulay v Board of Educ., 61 AD2d 1048, affd 48 NY2d 659.) Hence, at this stage, the name and charges constitute a material part of the unproved allegation before the hearing panel and are predetermination materials exempt from disclosure under section 87 (subd 2, par [g]) of the Public Officers Law. (Matter of McAulay v Board of Educ., supra.)
The petitioner contends that by forwarding the charges to the teacher, the materials were no longer intra-agency or inter-agency. This argument is without any merit. The accused teacher continues to be an employee of the agency. Any communication between the administration or an employing board and the employee involve intra-agency communications. (See, e.g., Matter of Hall v Brandon, 96 Misc 2d 318.)
Therefore, the court concludes that the School District’s denial of disclosure must be upheld because the materials are exempt from disclosure under section 87 (subd 2, par [g]) of the Public Officers Law.
EMPLOYMENT RECORD — UNWARRANTED INVASION OF PRIVACY
In view of the foregoing, it is not necessary to determine whether the records sought would constitute an unwarranted invasion of privacy if disclosed. (See Public Officers Law, § 87, subd 2, par [b]; § 89, subd 2, par [b], cl i.) Thus, no finding is made as to that claim made by respondents.
COMMITTEE ON PUBLIC ACCESS TO RECORDS
The petitioner contends that the advisory opinions of the Committee on Public Access to Records, if not irrational or unreasonable, must be upheld and that the committee determined that the records sought in the instant matter should be disclosed.
Though petitioner’s contention as to the legal effect of the committee’s opinions is correct (Matter of Miracle Mile Assoc. v Yudelson, 68 AD2d 176, supra), its argument must fail for *1048 several reasons. First, though portions of the opinion were read on oral argument, none of the parties presented the advisory opinion to the court. Without the opinion or the ex parte application of petitioner, the court is unable to determine whether the committee’s opinion had a rational basis. Second, with respect to any interpretation of section 3020-a of the Education Law, the court is of the view that the Commissioner of Education, and not the committee, is the responsible agency. Third, it is apparent from the memoranda of law, that the committee did not consider whether subject records were exempt under section 87 (subd 2, par [g]) of the Public Officers Law. Even if it did, no analysis was set forth in its opinion and hence, the opinion as to that claimed exemption lacks any rational basis. For these reasons, the committee’s opinion, as represented by petitioner, is neither a hurdle nor barrier to respondents’ burden of proof here.
CONCLUSION
In view of all of the foregoing, it is the decision of this court that the petition to annul the determination of the School District, denying access to the name of and charges against a tenured teacher in a proceeding instituted under section 3020-a of the Education Law, should be and hereby is denied and dismissed and the determination of the School District is affirmed.
(On renewal, April 9, 1980)
This is an application to renew a CPLR article 78 petition which sought the annulment of a determination prohibiting access to certain public records.
The court, by decision dated March 19, 1980, dismissed the petition and upheld the denial of access and held, inter alla, that a prior advisory opinion of the Committee on Public Access to Records (hereinafter Committee) was not persuasive authority in support of the petition for several reasons. The first stated reason was that none of the parties had presented the actual opinion to the court for its review. The petitioner now contends that it assumed the opinion (which pertained to the same matter then before the court) and three related opinions were before the court because they were appended to a memorandum of law that was submitted to Justice Parker J. Stone during a prior proceeding on this same matter.
The court is of the view that its decision in this matter *1049 should include a consideration of the Committee’s advisory opinions. Therefore, leave to renew is now granted to the extent that the court will consider the submitted advisory opinions of the Committee.
As stated in the court’s prior decision, an advisory opinion of the Committee interpreting the Freedom of Information Law (Public Officers Law, art 6), if not irrational or unreasonable, must be upheld. (Matter of Miracle Mile Assoc. v Yudelson, 68 AD2d 176, mot for lv to opp den 48 NY2d 706.)
Upon reviewing the advisory opinion relative to the instant situation and as well, the three allegedly related opinions, the court concludes that said opinions lack the rational basis necessary to be considered as support for this petition.
The Bednarski opinion (the instant case) states in part, "None of the grounds for denial could in my view [that of Robert J. Freeman, Executive Director of the Committee] be appropriately cited as a means for withholding.” The opinion contains no discussion whatever of the exemption for intraagency or inter-agency materials and hence, as to that portion of the court’s decision denying access upon that ground, the Committee’s opinion lacks any rational basis and is without persuasive authority.
The opinion (and the three related opinions) contain considerable discussion of the ground of unwarranted invasion of privacy. Since the court did not decide that issue, that portion of the opinion(s) is not pertinent to its determination. As an aside, the court observes that the analogy drawn to criminal cases in the opinion is of dubious validity. In criminal proceedings, with rare exceptions, postindictment hearings or trials are public. Here the proceedings are presumptively private. The court submits that its analogy of private hearings to executive sessions is more appropriate, as well as case law supporting nondisclosure of matters divulged in executive session (see Matter of Gabriel v Turner, 50 AD2d 889; Doe v Greco, 89 Misc 2d 187, affd 62 AD2d 498).
Lastly, Mr. Freeman’s letter opinion concluded that section 3020-a of the Education Law did not specifically exempt any records from disclosure despite its mandate for private hearings. His basis for this conclusion was twofold: That the statute contains no specific language that the particular records must be confidential; and that this statutory ground does not include nonstatutory rules or regulations (such as 8 *1050 NYCRR 82.9) which expressly prohibit disclosure. Both bases, in the court’s view, are incorrect.
As stated in the court’s prior decision, the law does not mandate that the statute specifically identify the precise records to be confidential nor must the statute contain language providing that certain records be confidential. (Matter of Fitzpatrick v County of Nassau, Dept. of Public Works, 83 Misc 2d 884, affd 53 AD2d 628; see, also, Barker, Codification of Government Privileges in New York: Official Information and Identity of Informers, 44 Albany L Rev 279, 285.) For reasons set forth by the court in its prior decision (which is incorporated herein by reference) and following the analysis in FAA Administrator v Robertson (422 US 255; see, for application of Federal interpretations of section 552 of title 5 of the United States Code to the State Freedom of Information Law, Matter of Fink v Lefkowitz, 47 NY2d 567), the court opines that the legislative intent of section 3020-a of the Education Law is that upon election by the teacher, the disciplinary hearing shall be private and all related records confidential and that such clear expression of legislative intent constitutes a statutory exemption from disclosure.
Secondly, an exemption from disclosure may be expressed in a rule or regulation and still be within the ambit of a specific exemption by statute. This notion is supported by decisional law in this State (People v Morales, 97 Misc 2d 733) and interpretations of the Federal law (US Code, tit 5, § 552, subd [b], par [3]), even prior to its 1976 amendment. (FAA Administrator v Robertson, supra; People v Weinberger, 351 F Supp 733, affd 505 F2d 767.)
Thus, both rationale stated for the advisory opinion as to the ground of specific exemption by statute appear to be in conflict with decisional law. In sum, the entirety of the opinion (to the extent relevant here) lacks the rational basis necessary to support the petition.
Additionally, the court concludes that the three related opinions are not supportive of the petition. Both the "Poust” and "Stern” opinions dealt with final determinations of hearings no longer in process and are distinguishable on that fact alone. The "Lowy” opinion was based upon the prior Freedom of Information Law (L 1974, ch 578) and the sole ground of unwarranted invasion of privacy.
While the court is aware of the dedicated work of the Committee and its executive director in the interpretation of a *1051 statute that involves complex issues, the opinion rendered here is, in the court’s view, contrary to existing law.
Therefore, upon renewal of the argument, the court adheres to its original determination and in view of the foregoing and the court’s prior decision, it is the decision of the court that the petition should be denied and dismissed.