■ In the Matter of FRANK J. RUSSO, JR., Respondent, v NASSAU COUNTY COMMUNITY COLLEGE et al., Appellants, and STATE UNIVERSITY OF NEW YORK et al., Intervenors-Appellants.—In a proceeding pursuant to CPLR article 78 to review determinations by the appellant Nassau County Community College dated August 8, 1988, and February 15, 1989, respectively, which denied the petitioner's requests pursuant to Public Officers Law § 84 et seq., for authorization to inspect certain visual aids, course materials, and related documents, the appeals, as limited by the appellants' briefs, are from so much of a judgment of the Supreme Court, Nassau County (Murphy, J.), dated June 27, 1990, as directed the appellant Nassau County Community College to produce for the petitioner's inspection a film and visual aids pertaining to the course "PED 251".

Ordered that the judgment is reversed insofar as appealed

from, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, and the determinations of the appellant Nassau County Community College insofar as they denied the petitioner's request for production of films, visual aids and course materials is confirmed, and that branch of the petition which seeks to compel production of these materials is dismissed.

The appellant Nassau County Community College (hereinafter the College) is an educational institution (see, Education Law § 351) chartered pursuant to Education Law article 126 with the approval of the New York State University Board of Trustees (see, Education Law § 6302). It is sponsored by Nassau County and funded in part by appropriations specially raised by the County, but its operations are governed by its own Board of Trustees (see, Education Law §§ 6304, 6306, 6310). The petitioner, a Nassau County resident, to whom the College's library and bookstore are automatically open, has made a demand for the production by the College for his inspection of certain films and film strips used in an elective course entitled "Family Life And Human Sexuality", designated "PED 251". In so doing, and notwithstanding indications in the record that he has seen at least one of the films and that course textbooks are available in the College bookstore and library, the petitioner has invoked New York's Freedom of Information Law (hereinafter FOIL) (see, Public Officers Law § 84 et seq.), the enactment of which was a response to governmental secrecy and corruption brought to light during the "Watergate" scandal. FOIL confirms that the public is vested with an inherent right to know about the business of government, that official secrecy is anathema to our form of government, and that the public is to be granted maximum access to government records so as to encourage public accountability for governmental decision making (see, Public Officers Law § 84; see also, Matter of Capital Newspapers v Whalen, 69 NY2d 246; Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557; Matter of Westchester Rockland Newspapers v Kimball, 50 NY2d 575).

Among the reasons initially advanced by the College for its denial of the petitioner's requests, to which it adhered during the administrative appeal process (see, Public Officers Law § 89 [4]), was that the materials presently at issue are not "records" within the meaning of FOIL (see, Public Officers Law § 86 [4]). The State University of New York and the Nassau Community College Federation of Teachers were each granted leave by the Supreme Court to intervene in this

proceeding to review the College's determinations, and they press arguments similar to those advanced by the College, although the latter also urges that, in its educational capacity, the College is not an "agency" within the meaning of FOIL (*see,* Public Officers Law § 86 [3]).

We need not reach the constitutional issues raised by the appellants (*see, Matter of Sarah K.,* 66 NY2d 223, 238, *cert denied sub nom. Kosher v Stamatis,* 475 US 1108; *Loretto v Teleprompter Manhattan CATV Corp.,* 58 NY2d 143, 149; *see also,* McKinney's Cons Laws of NY, Book 1, Statutes § 150 [c]). While public educational institutions have in other contexts been subject to FOIL requirements *(see, Matter of Harris v City Univ.,* 114 AD2d 805; *Matter of Kryston v Board of Educ.,* 77 AD2d 896; *Matter of Gabriel v Turner,* 50 AD2d 889), apparently without protest as to whether these institutions perform governmental or proprietary functions (*see,* Public Officers Law § 86 [3]), we need not here determine whether, in light of the overriding educational purposes of the College (*cf., Matter of Westchester Rockland Newspapers v Kimball, supra),* its academic arms are government "agencies" subject to FOIL (*cf., Matter of American Socy. for Prevention of Cruelty to Animals v Board of Trustees,* 184 AD2d 508). We conclude that the films, visual aids, and any other course materials do not constitute "agency records" within the meaning of FOIL (*see,* Public Officers Law § 86 [4]; § 87). As the petitioner concedes, the films and visual aids, and indeed the college texts, are commercially produced and independently available. No course materials are secret but are rather available to anyone who enrolls in the course. Against the backdrop of FOIL's purpose and the evils it was designed to address, we agree with the appellants that the materials at issue on this appeal do not come within FOIL's scope. To compel the College to produce them for inspection would not advance FOIL's laudable goals (*cf., Matter of Krauss v Nassau Community Coll.,* 122 Misc 2d 218, 220). We therefore reverse the judgment insofar as appealed from. Sullivan, J. P., Harwood, Rosenblatt and Copertino, JJ., concur.