Breitel, J.
This is a proceeding to confirm an arbitration award, embracing a cross motion to vacate the award. The issues raised by appellant New York City Housing Authority are whether failure of petitioner Raisler Corporation to comply with conditions precedent to arbitration was a question for the arbitrator, and, if so, whether refusal by the arbitrator to consider this issue was a misconstruction of law or an imperfect execution of power. The quite separate issue raised by appellant S. S. Silberblatt, Inc. is whether the arbitrator properly awarded Raisler damages directly against Silberblatt, despite Silberblatt’s being a party to the arbitration only on a claim by the Housing Authority.
The arbitrator awarded petitioner Raisler $13,800, plus interest, against respondent Silberblatt for failure to supply timely, temporary elevator service, and $94,612.10, plus interest, against respondent Authority—$54,112.10 for balance due on its con *279 tract, $4,500 for additional work performed, and $36,000 damages for unreasonable delay in the project. It is only the $36,000 damage award which the Authority now contests. Special Term confirmed the arbitration award. The Appellate Division affirmed, different Justices dissenting on different grounds. Both unsuccessful parties appealed to this court.
The order of the Appellate Division should be affirmed. On the Authority’s appeal the requirements for filing a notice of claim are expressly made a condition precedent to arbitration in the agreement between the parties. The issue of compliance with these requirements was at least initially for the court. The Authority lost its opportunity for court review of this issue by its untimely petition to stay arbitration. Even if the arbitrator had in a matter of law incorrectly refused to determine this issue, it would only be an “ error ’ ’ of law judicially unreviewable. On Silberblatt’s appeal, the agreement between Silberblatt and the Authority has arbitration provisions giving the Authority the right to make Silberblatt a party to any arbitration between the Authority and another contractor. Again, even if the arbitrator had “ erred ” in a matter of law in holding Silberblatt directly liable to Raisler, his determination would be unreviewable.
On December 27, 1961, Raisler and Silberblatt executed separate agreements with the Authority for part of the construction of the Mott Haven apartment complex in the Bronx, being built under five separate prime contracts as required by statute. Raisler was the heating contractor and Silberblatt supplied, among other things, temporary elevator service. The project consisted of eight high-rise apartment buildings and a two-story community center. The project was substantially completed by May 26, 1965 and accepted by the Authority on December 1, 1965.
Under the separate agreements between the two contractors and the Authority, any claim by the contractor ‘ ‘ for any damages sustained by reason of any act or omission of the Authority ” had to be made in writing within five days after the claim had arisen. If the Authority demanded additional data, the contractor was required to furnish it within five days of the written demand. The immediately following sentence of the agreements provided: ‘ ‘ The filing by the Contractor of a notice of claim *280 and the compliance by the Contractor with the demand, if any, for additional data, depositions, or verified statements, both within the time limited herein, shall be a condition precedent to the settlement of any claim or to the right of appeal to arbitration as hereinafter provided, or to the right to resort to any other remedy, proceeding, or action.”
During the course of construction, Baisler made various written complaints about delays and interference with its work, including absence of temporary elevator service when it was heeded. On June 6, 1966, about six months after the project was completed, Baisler sent the Authority a detailed notice of claim. The parties dispute whether Baisler complied with the notice of claim provisions. On July 22, 1966, the Authority received a notice of intention to arbitrate from Baisler. The. notice stated that the Authority had 10 days in which to apply, pursuant to subdivision (c) of CPLB 7503, for a stay of arbitration on the ground that the agreement was invalid or had not been complied with.
On August 2,1966,11 days after the notice had been .received, one day late, the Authority mailed Baisler a notice of petition for a stay on the ground that Baisler .had not complied with a condition precedent to arbitration. Special Term denied the stay for untimeliness, and granted Baisler’s cross motion to compel arbitration. The Appellate Division affirmed (27 A D 2d 802), and this court denied leave to appeal (20 N Y 2d 645).
On November 2, 1967, in the arbitration proceeding, the Authority served demands to bring in Silberblatt and other contractors as parties to the arbitration. Silberblatt resisted, and was compelled to arbitrate by Special Term, in an order affirmed by the Appellate Division (30 A D 2d 917).
Préviously, on April 5, 1965, Baisler began an action in Supreme Court against Silberblatt seeking damages for failure to supply temporary elevator service. Apparently the action has since-been discontinued by stipulation.
In the arbitration proceeding, the Authority urged that the arbitrator should consider the issue of compliance with the contract five-day notice of claim provision. Baisler contended that the arbitrator was precluded from considering this issue by Special Term’s denial of a stay. The arbitrator apparently refused *281 to consider the issue of compliance, but did leave open for the Authority to show that it had been prejudiced by the lateness of the claim. After the hearing, extending over two years and 2,000 pages of transcript, the arbitrator found no prejudice to the Authority and awarded damages.
During arbitration the parties stipulated orally before the arbitrator that participation in the arbitration proceeding would not be deemed a waiver of any right they might have to determine the issue of compliance with conditions precedent at a later date in court.
The Authority is now challenging confirmation of that part of the award to Raisler of $36,000 on its damage claim for delay. It contends that the arbitrator improperly refused to hear and determine the issue of compliance with conditions precedent to arbitration, and that this refusal was not merely a misconstruction of law. The contentions of Silberblatt are separate and will be treated later.
Subdivision (c) of CPLR 7503 provides in part: “ A party may serve upon another party a notice of intention to arbitrate, specifying the agreement pursuant to which arbitration is sought and the name and address of the party serving the notice, or of an officer or agent thereof if such party is an association or corporation, and stating that unless the party served applies to stay the arbitration within ten days after such service he shall thereafter be precluded from objecting that a valid agreement was not made or has not been complied with and from asserting in court the bar of a limitation of time. ”* A practice commentary on this section states: “ Proper service of a proper notice of intention to arbitrate will preclude the raising of the threshold questions except on an application to stay arbitration made within ten days after the service thereof.” (Thornton, Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 7503, p. 489; see, also, Fourth Preliminary Report of the Advi *282 sory Committee on Practice and Procedure, NT. Y. Legis. Doc., 1960, No. 20, § 17.-3, subd. [c], p. 81.)
Fulfillment of conditions precedent to arbitration is a question at least initially for the court (e.g., Matter of Wilaka Constr. Co. [N. Y. City Housing Auth.], 17 N Y 2d 195, 198-199, 202; Matter of Exercycle Corp. [Maratta], 9 N Y 2d 329, 334-335; Matter of Board of Educ. [Heckler Elec. Co.], 7 N Y 2d 476, 481-482; Matter of Frouge Corp. [New York City Housing Auth.], 26 A D 2d 269, 272). Indeed, in the Frouge case (supra), the court denied arbitration where a condition precedent in a Housing Authority agreement, that the contractor must furnish particulars of its claim within five days of demand, had not been met.
True, it is usually for the arbitrator, under a broad arbitration clause, to determine compliance with limitations of time fixed by agreement (Ann., Arbitration—Waiver or Estoppel, 26 ALR 3d 604, 616-620, and cases cited). But usually, the limitations of time, and related requirements, are not made conditions precedent to arbitration. Generally, the parties are free to write arbitration clauses as broadly or as narrowly as they choose. In this instance, the time limitation and the other requirements of the notice of claim are expressly made a condition precedent to arbitration. Thus, it is a question, at least initially, for the courts.
The Authority argues that because the issue is one initially for the courts, and particularly where'the courts did not reach the merits of the issue, it remained open for the arbitrator. But whether the issue remains open for the arbitrator is immaterial, since the arbitrator’s refusal to pass on the issue would not be judicially reviewable, if the refusal be characterized as a judgment comparable to a determination of law.
Once a case is referred to arbitration, “ all questions of fact and of law are within the judicially unreviewable purview of the arbitrator ” (Matter of S & W Fine Foods [Office Employees Int. Union], 8 A D 2d 130, 131, affd. 7 N Y 2d 1018). “ Absent provision to the contrary in the arbitration agreement, arbitrators are not bound by principles of substantive law or rules of evidence ’ ’ (Lentine v. Fundaro, 29 N Y 2d 382, 385, and cases cited). True, generally an arbitrator may not refuse to hear relevant evidence, and may not receive evidence from one party *283 without the knowledge of the other (see 23 Carmody-Wait, New York Practice [2d ed.], §§ 141:117, 141:118; 6 C. J. S., Arbitration and Award, § 64; cf. Fudickar v. Guardian Mut. Life Ins. Co., 62 N. Y. 392, 405). But, evidently, where the arbitrator refuses to hear or consider relevant evidence only because of his mistaken, but judicially unreviewable, interpretation of a rule of law which makes the evidence irrelevant, the award will not be set aside (cf. Lentine v. Fundaro, 29 N Y 2d 382, 385, supra).
Thus, even if the arbitrator should have determined the issue of compliance with the conditions precedent, his refusal to do so is beyond review. The converse might be equally true. Gases and treatises cited by the Authority are not to the contrary. They support a general proposition that an arbitrator may not neglect to pass on a claim or matter properly submitted to him (see, e.g., Ann., Arbitrator—Passing on All Issues, 36 ALE. 3d 649, 652-653). Here, at most, the arbitrator refused to consider compliance with a condition precedent which he believed, correctly or incorrectly, was within the sole province of the courts as a legal bar to arbitration, and, instead, moved directly to the merits of the claim. Indeed, the arbitrator considered the inadequacy of notice not in the sense of a legal bar, but in the sense of laches, arising if the lateness and inadequacy prejudiced the Authority. This he could do, and indeed was the only thing he should have done, if only because an arbitrator may decide the issues as equity and justice require, unbound by the rigors of the law. The arbitrator, as noted above, found no prejudice.
Moving to Silberblatt’s appeal from confirmation of the award of $13,800 against it directly in favor of Eaisler, it contends that the arbitrator exceeded his power in awarding damages against a “ third-party indemnitor ” (Silberblatt) without first having found in favor of the claimant (Eaisler) against the ‘1 third-party indemnitee ” (Housing Authority) and despite his denial of the “ indemnitee’s ” claim over against the “ indemnitor ”.
Silberblatt also asserts that the award was improper because the claim is the subject of a pending court action, but as stated above, it appears that Eaisler has stipulated to discontinue the action.
Eaisler had no right to initiate arbitration against Silberblatt, and therefore bringing the action on the same claim could not have been a waiver of any right to arbitrate. Eaisler brought *284 no action against the Authority; it proceeded against the Authority as it must have by arbitration; and it was the Authority, as stated, which brought in Silberblatt.
The agreement between Silberblatt and the Authority provided as follows:
“ Proceeding Commenced by Other Contractor.
1‘ In the event that any other contractor of the Authority commences an arbitration proceeding against the Authority and the Chairman or Director is of the opinion that the Contractor under this Contract is, or may be, liable to the Authority or to such other contractor for all or part of the claim of such other contractor against the Authority, or in the event that the Chairman or Director is of the opinion that for any reason the Contractor under this Contract should be made a party to the arbitration proceeding, then the Authority may, at its option, serve upon the Contractor under this Contract a notice requiring this Contractor to become a party to the arbitration proceeding commenced by such other contractor and requiring the Contractor under this Contract to attend at the meeting fixed by the Authority for the purpose of selecting an arbitrator. Thereupon, the Contractor under this Contract shall become a party to the arbitration proceeding with the same rights and with the same force and effect as though he had been an original party to such proceeding.”
The language “is, or may be, liable to the Authority or to such other contractor ” is broad language permitting the arbitrator to do justice among the parties.
It is not necessary to reach the question whether Silberblatt might have been held directly liable to Eaisler in a court of law. It is enough that the arbitrator interpreted the agreement to permit a direct award to Eaisler against Silberblatt. Under the principles discussed earlier, at most, the arbitrator would have made “an error of law”, not subject to judicial review (see supra, at pp. 282-283).
Silberblatt raises an issue regarding the applicability of Federal arbitration law for the first time on this appeal. Even assuming the issue is properly before this court and that Federal law should apply, the issue raised would be, in essence, the same as that raised and resolved in the Authority’s appeal. Any “ error ” by the arbitrator would be unreviewable.
*285 In summary, the Authority has attempted to raise before the arbitrator and before the courts on confirmation, the issue of compliance with conditions precedent to arbitration waived when it failed to move in timely fashion for stay of arbitration. Whether Raisler complied with the short five-dáy notice of claim provisions and whether these provisions are enforceable were never determined on the merits. The arbitrator found that the Authority was liable to the contractor for delays it caused in construction, and that the notice of claim, if late, had not prejudiced the Authority. The arbitrator appears to have done what he is supposed to have done, to reach a just result regardless of technicalities, and the courts have properly refused to interfere. The issue raised by Silberblatt is also, at best a technical issue. Both appeals are easily resolved by the fundamental principle in arbitration that unless otherwise provided in the arbitration agreement, errors of law, or what would be errors of law in a court of law, made by the arbitrator, will not be reviewed by the courts. Put another way, an arbitrator’s determination fairly made within the scope of submitted or •submittable issues may not be considered an error because the determination would not or could not have been made in a court of law under applicable rules of law.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Fuld and Judges Burke, Jasen, Gabrielli, Jones and Wachtler concur.
Order affirmed.

 The validity of the 10-day time limit to move for a stay is settled. The purpose of the time limit is to compel diligence and procedural orderliness. The time limit was adopted in 1937. It “ closed a loophole which until then had allowed a party both to participate in the arbitration and, should he lose, still defeat confirmation of the award by, for the first time, asserting inarbitrability.” (Matter of Knickerbocker Ins. Co. [Gilbert], 28 N Y 2d 57, 61-62.)