Memobandum.
The order of the Appellate Division is affirmed, without costs, in the following memorandum:
The burden of appellant employer’s contention is that the arbitrator here should have upheld the dismissal of two employees on the ground that their conduct constituted “ dishonesty involving theft ”. We conclude that the employer’s application to vacate the arbitration award (which, while it set aside the dismissals, did impose periods of suspension without pay) has been properly denied.
The arbitration clause here is very broad. It embraces “ [grievances [not otherwise defined or limited] which cannot be settled between the parties ”, and may be invoked “ [w]here an employee has reason to believe that any provision of this Agreement has not been complied with by the Company.”
The employer dismissed the two employees in consequence of their having been observed transferring merchandise from the employer’s delivery truck to a station wagon owned by one of them. When the union protested the dismissals, the parties waived arbitration before a grievance committee (as contemplated in the agreement between them) and proceeded before a single arbitrator. Their submission raised only the issues: — “ Was there just cause for the discharge of [the employees] ? ” and “ To what relief or remedy, if any, are the parties entitled? ”
The applicable substantive provision of the agreement between the employer and the union is as follows: “ The Employer shall not discharge nor suspend any employee without just cause, but in respect to discharge or suspension shall give at least one (1) warning notice, in writing, of the complaint against such employee to the employee and a copy of the same to the Union and the job steward. No warning notice need be given 1) if an employee is discharged for dishonesty involving theft or 2) *428 drunkenness on the job or 3) ” etc. (Emphasis added.) The arbitrator determined on the evidence presented to him that “ just cause ” for discharge was not established. We find no basis for judicial disturbance of that conclusion.
The question whether conduct of an employee involves “ dishonesty for theft ” would have been relevant only to a determination, if that had been needed, that the employer was relieved of its obligation to give a warning notice. Whether there was a basis for discharge or suspension in the first place turns on whether there was ‘ ‘ just cause ’ ’ therefor, a very broad standard indeed. It was this latter issue which was resolved by the arbitrator.
Only the employer has appealed and no issue has been raised by the union (nor do we now introduce it) that the employer should have given a warning notice to these employees. The question whether the employer should have given the employees a warning notice was never submitted to the arbitrator. Accordingly he was never called on to determine whether in the circumstances of this case the conduct of these two employees should properly be characterized as “ dishonesty involving theft ” within the meaning of those words as used in the agreement.