■ In the Matter of MARYANN CONNOLLY et al., Respondents, v BOARD OF EDUCATION OF THE WATERLOO CENTRAL SCHOOL DISTRICT, Appellant.— Order unanimously affirmed, without costs. Memorandum: Petitioner, Maryann Connolly, was appointed by the appellant school district as a regular substitute elementary school teacher on April 28, 1972 for a three-year probationary term expiring on April 28, 1975. Prior thereto, in accordance with sections 2509, 2573 and 3031 of the Education Law, petitioner was notified by the Superintendent of Schools of the Waterloo Central School District that she was not being recommended for tenure. Pursuant to a collective bargaining agreement then in effect between the school district and the teachers' association, petitioner initiated a "grievance", alleging numerous violations of her rights relative to her employment and subsequent dismissal as a probationary teacher employed by the board of education. The final stage of the grievance procedure as outlined in the collective bargaining agreement calls for the determination of disputes not previously resolved at an earlier stage, to be submitted to arbitration. The relevant portion of the arbitration clause in the collective bargaining agreement states: "The decision of the arbitrator will be in writing and will set forth the findings of fact, reasoning and conclusions on the issue submitted. The arbitrator will be without power or authority to make any decision which requires the commission of an act prohibited by law or which is violative of the terms of this Agreement. The decision of the determination of the grievance by the arbitrator will be final and binding on both parties. However, such decision shall be in accordance with the laws of this State and shall be reviewable upon appeal to any court of competent jurisdiction." The arbitrator made several findings which require enumeration: (1) standards of performance for teachers should be promulgated and communicated to the staff; (2) no specific standards of performance have been promulgated by the district; (3) the grievant was not made aware that she was failing to meet the standards; (4) the district failed to adhere to contractual requirements and board policy concerning the number of yearly observations to which the grievant was entitled; (5) the district failed to take the affirmative steps which were required to provide the grievant with the supervisory assistance which the contract provides; (6) relative to the two alleged incidents of neglect of duty charged by the district, the incident of September 24, 1974 was without merit since it was in conformity with the existing policy of the school. The incident of January 16, 1975 was found to be at best an error of judgment rather than a willful attempt to avoid her duties and responsibilities. The arbitrator in effect upheld the grievance, based on the failure of the board to act in accordance with the provisions of the collective bargaining agreement and of board policy, thus concluding that the grievant's termination was without just cause, as the result of which he ordered reinstatement of the grievant for one additional school year as a probationary teacher during which time the district would have the opportunity to comply with the evaluative procedures enumerated in the contract and embodied within the policies of the board. No back pay was awarded, since the grievance was upheld on procedural grounds and not because the board abused its discretion. The Court of Appeals in *Board of Educ. v Bellmore-Merrick United Secondary Teachers* (39 NY2d 167, 171) held that "a court may not 'consider whether the claim with respect to which the arbitration is sought is tenable, or otherwise pass upon the merits of the dispute' (CPLR 7501). * * * Indeed, we have asserted that public policy

prefers arbitration as a device for the resolution of labor controversies and frowns upon judicial attempts to resolve such disputes *(Matter of Associated Teachers of Huntington v Board of Educ., Union Free School Dist. No. 3, Town of Huntington,* 33 NY2d 229, 236)." While appellant is correct that a tenure decision for a probationary teacher is a matter exclusively within the province of the school board (see *Matter of Legislative Conference of City Univ. of N. Y. v Board of Higher Educ. of City of N. Y.,* 38 AD2d 478, affd 31 NY2d 926), the arbitrator's award here limited the reinstatement to an additional one-year period as a probationer so as to enable the board to comply with the terms of the collective bargaining agreement with respect to evaluations, observations, candid appraisals and supervisory assistance (see *Board of Educ. v Chautauqua Cent. School Teacher's Assn.,* 41 AD2d 47). The correctness of the arbitrator's decision is beyond the province of the court in cases of this nature because of the limited jurisdiction granted by the Legislature. Appellant contends that the arbitrator's decision is reviewable by this court and that it may exercise complete review over alleged areas of law and fact. This contention is based upon the last two sentences above-quoted from the arbitration clause of the collective bargaining agreement. However, the appellant makes no allegation as to any specific provision of law which has been violated by the arbitrator's award. Since errors of law and fact are not grounds to vacate an arbitrator's decision *(Matter of Associated Teachers of Huntington v Board of Educ.,* 33 NY2d 229, *supra; Lentine v Fundaro,* 29 NY2d 382) and since, as here, there is not an irrational construction given to the agreement, the award of the arbitrator should be confirmed. Inasmuch as the decision of the arbitrator was in all respects rational in nature, the award was not in excess of his power and not subject to vacatur under CPLR 7511. As this court stated in *Pavilion Cent. School Dist. v Pavilion Faculty Assn.* (51 AD2d 119, 123): "The general principle that, unless specifically limited by plain and express terms of the submission, an arbitrator is empowered to grant any relief reasonably fitting and necessary to a final determination of the matter submitted to him, including equitable and legal relief *(Matter of British Overseas Airways Corp. v International Assn. of Machinists & Aerospace Workers, AFL-CIO,* 32 NY2d 823, affd on dissenting opn at 39 AD2d 900), is also readily acknowledged." (Appeal from order of Cayuga Supreme Court—confirm arbitrator's award.) Present—Marsh, P. J., Cardamone, Mahoney, Dillon and Goldman, JJ.