■ In the Matter of the Arbitration between MURRAY WALTER, INC. (ASSOCIATED BUILDING CONTRACTORS OF THE TRIPLE CITIES, INC.), Appellant, and LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL No. 7, Respondent.—Appeal from an order and judgment of the Supreme Court at Special Term, entered August 1, 1975 in Broome County, which denied an application by petitioner to set aside and vacate an arbitrator's award rendered in a labor dispute, confirmed the award, and remitted the matter for further testimony. The collective bargaining agreement between the parties provides, *inter alia,* that "No employee shall be discharged except for just cause." The agreement also sets forth a procedure for resolving disputes between the union and the employer by arbitration. Following the discharge of Robert T. Lewis, a laborer employed by Murray Walter, Inc., a grievance was filed claiming that he was improperly terminated, and when efforts to resolve the dispute were unsuccessful, the matter was submitted to arbitration. By agreement of the parties, the following questions were submitted for determination of the arbitrator: (1) "Was the discharge of Robert T. Lewis by the company on February 7, 1974 without just cause?". (2) "If yes, what should be the remedy?". The arbitrator rendered a written decision after a hearing, holding that the discharge was without just cause, but that

the conduct of the employee warranted a one-month suspension without pay. The arbitrator, therefore, directed the employer to reinstate said employee and to pay him an amount equal to that which he would have earned from March 4, 1974 to the date of reinstatement (February 3, 1975), less any wages he may have earned during that time. He also directed that the period from February 7, 1974 to March 4, 1974 be calculated as the one-month suspension period. In a proceeding commenced by the employer to vacate and set aside the arbitration award pursuant to CPLR 7511, Special Term denied the application, and confirmed the award. Any question of the amount of earnings by the employee up to the date of reinstatement was remitted to the arbitrator to decide, should the parties fail to agree on this amount. On this appeal petitioner contends that the arbitrator acted in excess of his power in suspending the employee for one month, after having found him guilty of misconduct; that the collective bargaining agreement contains no provision for suspension or other disciplinary action; and that any conduct sufficient to warrant suspension constitutes "just cause" for dismissal. As aptly stated by Special Term, petitioner's argument is based on the assumption that the arbitrator's authority was limited to either upholding the dismissal if he found misconduct on the part of the employee or to order reinstatement with full pay if he found no misconduct. The submission placed before the arbitrator clearly indicates that the parties intended to confer a broader authority upon him. In addition to the question of whether or not the employee's discharge was justified, the parties also sought a determination of the arbitrator as to what the remedy should be if he should find that the *discharge* was without just cause. It is well settled that judicial review of an arbitrator's award is a constricted one, and that the courts may not set aside such award for errors of law or fact *(Board of Educ. v Bellmore-Merrick United Secondary Teachers,* 39 NY2d 167; *Matter of W.M. Girvan, Inc. [Robilotto],* 33 NY2d 425). The Legislature has also provided that the courts may not pass upon the merits of a dispute that has been submitted to arbitration (CPLR 7501). Moreover, "public policy prefers arbitration as a device for the resolution of labor controversies and frowns upon judicial attempts to resolve such disputes" *(Board of Educ. v Bellmore-Merrick United Secondary Teachers, supra,* p 171). When the parties have consented to arbitrate their grievances, the arbitrator is required only to follow the terms of the contract from which he derives his authority (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 7511). In our view, Special Term correctly concluded that the arbitrator's decision was clearly within the scope of the submission, and that there is no basis for finding that he exceeded his powers. Furthermore, petitioner would not be entitled to the relief sought in any event, since it failed to demonstrate any prejudice to its rights as required by CPLR 7511 (subd [b], par [1]). If, as petitioner contends, the arbitrator's authority was limited to reinstatement of the employee with full pay after a finding that his dismissal was not justified, then the decision of the arbitrator suspending the employee for one month without pay inured to the advantage of petitioner and could not be prejudicial to it. We find no merit to the remaining contentions that the refusal to permit cross-examination by petitioner as to certain matters constituted misconduct and prejudicial error on the part of the arbitrator, and that there was a failure to make a final and definite award. While the refusal by an arbitrator to hear material and pertinent evidence would constitute misconduct sufficient to justify setting aside his award *(Gervant v New England Fire Ins. Co.,* 306 NY 393), here the alleged error was technical and harmless in nature, and it is not

claimed that the arbitrator's exclusionary rulings in any way prevented petitioner from adequately presenting its case. In the absence of any showing of a prejudicial effect, exclusion of such evidence will not result in a vacatur of the award (CPLR 7511). The final issue raised involves simply a computation of the amount of the employee's back pay less any wages actually earned. Order and judgment affirmed, without costs. Koreman, P. J., Sweeney, Main and Larkin, JJ., concur; Greenblott, J., not taking part.