■ EDSON RODRIGUEZ, Appellant, v CONSOLIDATED EDISON CO. OF NEW YORK, INC., Respondent. — Judgment, Supreme Court, New York County, pursuant to CPLR 7511 to vacate or modify the arbitration award on the ground that the arbitrator exceeded his powers, and dismissing the petition, affirmed, without costs. Petitioner, an employee of respondent Consolidated Edison Co. of New York, was discharged from his employment on the basis of information from a customer that the petitioner, another employee, and the customer had participated in a scheme to defraud Consolidated Edison. The issue was submitted to arbitration pursuant to rule V(4) of a collective bargaining agreement: "(4) In the determination of grievances arising from the suspension, discharge, release, disciplinary transfer, layoff or demotion in the title or pay, of any employee for cause, the Board of Arbitration shall have the power only to adjudge the sufficiency and reasonableness of the cause stated by The Company. If a majority of the Board shall adjudge such cause be insufficient and unreasonable, The Company shall reinstate or restore such employee with accumulated seniority and, in case he was penalized by loss of working time, shall pay him his back wages as provided in Rule III hereon less any unemployment or other compensation he may have received during the time of his separation from the payroll of The Company." In the arbitrator's decision, after sketching some of the background of the investigation that led to petitioner's discharge, he expressed doubt as to the credibility of the customer who had inculpated petitioner. On the other hand, he did not believe petitioner's statement that he had only met the customer once, and implicitly found that petitioner's behavior gave rise to the appearance of wrongdoing. The arbitrator went on to say: "The testimony was inconclusive in all directions; however I am sure the grievant should not lose his job under these circumstances." Finally, he concluded that petitioner should be restored to employment but without back pay or benefits for the period of discharge. On this appeal the principal issue is raised by petitioner's contention that once the arbitrator determined that

there was an insufficient basis for discharging him, the arbitrator was required under rule V(4) quoted above, to direct return of back wages and the restoration of lost benefits. In effect petitioner urges as the only reasonable interpretation of the second sentence of rule V(4) that an arbitrator is required to restore all benefits to an employee if he finds insufficient cause for the particular sanction imposed by the employer even though he finds there was misconduct justifying a lesser penalty. We do not agree that this is the only possible interpretation of the contractual language. An obvious alternative construction is that the arbitrator is required to restore back wages and other benefits only if he finds an insufficient basis for concluding that the employee had engaged in any misconduct. Under this construction, the arbitrator was empowered to deny restoration of lost benefits to the petitioner once he had determined that the petitioner's conduct merited some sanction. This interpretation, the one implicitly adopted by the arbitrator, seems to us more probably correct than the one urged by petitioner. Certainly we do not think it "completely irrational" (see *Lentine v Fundaro,* 29 NY2d 382, 385, 386; *Matter of Granite Worsted Mills [Aaronson Cowen, Ltd.],* 25 NY2d 451, 456, 457). Although not necessary to a determination of this appeal, it may be appropriate to comment briefly on a separate but related issue of interpretation. The first sentence of rule V(4) states that in the determination of grievances arising from varied kinds of disciplinary actions "the Board of Arbitration shall have the power only to adjudge the sufficiency and reasonableness of the cause stated by The Company." If this were construed to deny any discretion by the arbitrator with regard to the extent of penalties that might be imposed for misconduct, it would suggest that the arbitrator here lacked the power to reinstate petitioner to his employment once he had determined that a sufficient basis for imposing a penalty had been established. On this view of the governing rule, the arbitrator's decision was in error but the error clearly was not prejudicial to petitioner. However this part of the rule is also susceptible to an alternative and perhaps more probably correct construction. The quoted language may well have been intended to require the arbitrator, in evaluating "the sufficiency and reasonableness of the cause", to consider only the specifics of the alleged misconduct that gave rise to the disciplinary action and not to consider in connection with that evaluation equitable considerations such as the length of an employee's prior service and his over-all record. This at any rate was the interpretation implicitly adopted by a highly experienced arbitrator. We think this too was reasonable, and certainly not "completely irrational". Concur — Kupferman, J.P., Birns and Sandler, JJ.; Carro, J., dissents in part and Fein, J., dissents in separate memoranda as follows.

Carro, J. (dissenting in part). I would modify to the extent of deleting that portion of the award which denied petitioner back pay or benefits and would otherwise affirm. While inartistic and inexact, the meaning of the arbitrator in his award, that the discharge of petitioner employee was not for just and reasonable cause, is clear. He states, in conclusion, "however I am sure that grievant should not lose his job under these circumstances * * * He is to be returned to work the pay period following receipt of this Award — but *without back pay or benefits* for the time out." The language of the collective bargaining agreement concerning the power of the arbitrator, as quoted by both the majority and the dissent, is plain, unambiguous and mandatory. We ought not speculate that the result may be impractical or inequitable where the arbitrator finds that *some* penalty should be provided, though there is insufficient "just and reasonable cause" for the employee's discharge. The power of the arbitrator is strictly circumscribed by the terms of

the agreement, and he is in an "all or nothing" situation. The remedy is not in avoidance by reading what should have been into the agreement but only in the vacating of the offending language of the award and in the future amendment of those terms of the agreement, should that be within the contemplation of the parties. However, the award need not be totally vacated in every instance in which an arbitrator exceeds his authority, so long as the relevant portions are separable. CPLR 7511 (subd [c]) provides: "The court shall modify the award if *** 2. the arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted" (see *Matter of Amalgamated Watch, Clock & Time Instrument Workers v Jaeger Watch Co.*, 270 App Div 802). The instant award fits precisely within the scope of the subsection. The matter beyond the arbitrator's authority may be deleted without affecting the merits of the decision as to whether the discharge was for just and reasonable cause.

Fein, J. (dissenting). Petitioner's application to vacate the arbitration award should have been granted. As stipulated by the parties, the issue before the arbitrator was whether petitioner Rodriguez was discharged by respondent Consolidated Edison Co. of New York, Inc. (Con Ed) for "just and reasonable cause". The arbitration was conducted pursuant to rule V of the union contract: "(4) In the determination of grievances arising from the suspension, discharge, release, disciplinary transfer, layoff or demotion in the title or pay, of any employee for cause, the Board of Arbitration shall have the power only to adjudge the sufficiency and reasonableness of the cause stated by The Company. If a majority of the Board shall adjudge such cause be insufficient and unreasonable, The Company shall reinstate or restore such employee with accumulated seniority and, in case he was penalized by loss of working time, shall pay him his back wages as provided in Rule III hereof less any unemployment or other compensation he may have received during the time of his separation from the payroll of The Company." The arbitrator's determination did not state whether the discharge was not for "just or reasonable cause" or that the cause was "insufficient and unreasonable". The award merely directed that the petitioner was to be returned to work "without back pay or benefits for the time out." Thus, the arbitrator failed to determine the issue submitted to him, whether the company's cause for discharge was "just and reasonable" or was "insufficient and unreasonable". The arbitrator's direction of reinstatement without back pay ignored the contract provision under which the arbitration proceeded, requiring reinstatement with seniority and back pay if the cause be "insufficient and unreasonable". The "discussion" portion of the arbitrator's decision makes it manifest that he was dubious about the evidence indicating that Rodriguez was engaged with a customer in an attempt to defraud Con Ed. The arbitrator was skeptical of the customer's testimony. The arbitrator was also doubtful about the testimony of Rodriguez wherein Rodriguez claimed to have had only one discussion with the customer. Thus, the arbitrator stated that the customer's testimony "sounded incredible". The arbitrator commented as to the testimony of Rodriguez, "The grievant's actions are also questioned by the arbitrator." The arbitrator concluded that the "grievant should not lose his job under these circumstances." The arbitrator determined that the punishment of discharge was too drastic but that a sanction of loss of pay should be imposed. Although this may be a reasonable and even a desirable result, it was beyond the power of the arbitrator. This was not a mere error of fact or law not subject to judicial review. This was a failure to determine the issue submitted and the direction of a sanction not

authorized under the agreement to arbitrate. It does not appear upon what authority the arbitrator selected the sanction. An arbitrator's award is to be vacated when the arbitrator "exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made" (CPLR 7511, subd [b], par 1, cl [iii]). Where the language is clear and unambiguous the arbitrator's power is limited to the four corners of the agreement to arbitrate. *(Matter of Girvan, Inc. [International Brotherhood of Teamsters, Local 294], 55 AD2d 746, 747.)* The award must be vacated where the arbitrator has exceeded his power. An arbitrator exceeds his power when (1) the construction of the contract submitted is completely irrational *(Lentine v Fundaro, 29 NY2d 382, 385; Matter of National Cash Register Co. [Wilson], 8 NY2d 377, 383)*; or (2) the award exceeds the express limitations of the agreement *(Lentine v Fundaro, supra; Matter of Granite Worsted Mills [Aaronson Cowen, Ltd.], 25 NY2d 451, 456-457)*. The contract here expressly limited the power of the arbitrator as to the issue submitted and the sanction to be imposed. He did not pass upon the limited issue submitted to him and he directed an unauthorized sanction. This was not merely an error in interpretation or a mistake of law, but in effect was the making of a new contract for the parties *(Pavilion Cent. School Dist. v Pavilion Faculty Assn., 51 AD2d 119, mots for lv to app dsmd 40 NY2d 845, 42 NY2d 961)*. This is not a case where the extent of the remedy was submitted to the arbitrator, as in *Matter of Walter, Inc. (Laborers Int. Union of North Amer., Local No. 7)* (54 AD2d 1055) (see *Matter of Civil Serv. Employees Assn. [Kolb], 67 AD2d 795, mot for lv to app den 46 NY2d 713)*. If Rodriguez was discharged for "just and reasonable cause", he was not entitled to reinstatement with or without back pay. If the discharge was for an "insufficient and unreasonable cause", Rodriguez was entitled to reinstatement with back pay. The arbitrator failed to determine the issue of cause and imposed a sanction unauthorized by the submission. Accordingly, he imperfectly exercised his power on the issue submitted to him and exceeded his power on the remedy imposed. The judgment, Supreme Court, New York County, entered July 11, 1980, should be reversed, on the law and the facts, without costs; the petition should be granted to the extent of vacating the arbitration award and remanding the proceeding for a new arbitration hearing.