OPINION OF THE COURT
David B. Saxe, J.
The issue that I must resolve in this small claims proceeding is the following: May a Judge of the Civil Court set aside the findings of a nonjudicial small claims arbitrator, made in the context of an inquest? I hold that a Judge of this court has the power to vacate findings made at an inquest taken before a small claims arbitrator and may therefore in proper circumstances open up a default taken as part of an inquest or grant a judgment on default where one had been denied.
The facts are these: I was the Presiding Judge of the Small Claims Court in Manhattan on August 9, 1982. The case of Pasamanick v 104 Camera World (Small Claims Ct, Index No. 081718/82) was on the calendar that evening. Dr. Pasamanick was apparently suing the defendant for $1,430 on account of allegedly defective photographic equipment purchased from the defendant. On the call of the calendar, the defendant did not appear and the claimant answered “ready”. The case was sent to an arbitrator *973 for an inquest. The claimant brought most of the camera equipment with him to court to prove his case. In the course of the inquest, the arbitrator notified the claimant that he had decided to raise the ad damnum clause to $1,500 and instructed the claimant to itemize his claim and the costs involved so he could make the proper recommendations to the Presiding Judge. The claimant followed the arbitrator’s instructions and submitted what he believed to be adequate proof. At this point it appeared certain to the claimant that the arbitrator was satisfied with his proof and that a recommendation would be made in his favor. Nevertheless, the arbitrator thereafter reported to the court that the claimant was not entitled to recover from the defendant. As a pro forma matter, I approved the report and directed the clerk to enter judgment accordingly.
Dr. Pasamanick was bewildered when he learned of this, and moved to vacate the inquest taken before the arbitrator. The motion was referred to me and I have treated it as one to reargue.
Although technically denominated an “arbitrator”, the role of the arbitrator in the context of an inquest is akin to that of a referee. (CPLR 3215, subd [b].) Therefore, although an arbitrator’s award is not generally reviewable (CPLR 7511; Matter of Raisler Corp. v New York City Housing Auth., 32 NY2d 274; Matter of Roth v Egeth, Supreme Ct/Special Term, Part I, NY County, Aug. 9, 1982, Index No. 9502/82), here, when sitting as a referee to hear and report (CPLR 4001), he acts as “a kind of assistant to the court” (Siegel, New York Practice, § 379), conducting a hearing and reporting his findings and conclusions back to the court, which can accept or reject his report (ibid.). This is to be distinguished from the situation where both parties in a small claims proceeding consent to submit the matter to arbitration. (22 NYCRR 2900.33.) Then the arbitrator’s role is to make a final determination with no right to appeal. The small claims arbitrator’s role, however, as a referee at an inquest, is solely to examine the claimant’s proof and make recommended findings to the court.
*974 Although I initially accepted these recommendations, the claimant has raised matters on this subsequent motion to reargue indicating the possible occurrence of certain irregularities during the inquest. First, the arbitrator improperly increased the ad damnum clause. This is contrary to CPLR 3215 (subd [b]) which states, in relevant part: “The judgment shall not exceed in amount or differ in type from that demanded in the complaint”. Certainly, if the judgment cannot exceed that amount initially demanded, there is no reason why the ad damnum clause should ever be increased at an inquest. Also, the claimant has raised sufficient questions regarding his belief that he had established a right to recovery against the defaulting defendant in amounts capable of calculation. The claimant should be given the opportunity to present his proof again. This decision does not reflect the merits of his case — the next time around, he may fail or succeed.
The clerk of the Small Claims Part is directed to restore this matter to the calendar and to notify both sides of a date for hearing. At that time, if the only party present is the claimant, the matter shall be sent to inquest and the arbitrator-referee is directed to make detailed findings and recommendations and report on them to the Judge presiding in that part forthwith so that “substantial justice” (CCA, § 1804) may result.