■ In the Matter of the Arbitration between LANGSTON ENTERPRISES, INC., Appellant, and DIAMOND RUG & CARPET MILLS, INC., Respondent. — Judgment of the Supreme Court, New York County (Clifford Scott, J.), entered on January 24, 1983, which denied petitioner's motion to confirm the arbitration award and granted respondent's cross motion to vacate the award, is unanimously reversed, on the law, with costs and disbursements, the motion to confirm granted and the cross motion to vacate denied. Petitioner-appellant Langston Enterprises, Inc., and respondent Diamond Rug & Carpet Mills, Inc., entered into three separate contracts for delivery of jute carpet backing by petitioner, the seller, to respondent, the buyer. Except for the amount, delivery date, type and price of the jute, the terms of the agreements were identical and included a broad arbitration clause. On June 21, 1982, Langston served the respondent with a demand for arbitration, seeking damages for the alleged refusal of Diamond to take most of the contracted goods (563 out of 650 rolls of carpet backing). However, respondent did subsequently accept a substantial number of the disputed items, leaving only 208 rolls undelivered. On September 7, 1982, the parties were notified of the appointment of arbitrators, as well as the fact that a hearing had been scheduled for October 6, 1982. Two days prior to the hearing, petitioner submitted an "Amendment of Statement Contained in Notice of Intention to Arbitrate" to respondent and the arbitration committee. The charges were based upon Diamond's acceptance and nonpayment of the additional rolls, and the amount of the damages alleged was increased from $83,332.08 to $400,391.03, plus interest and storage charges. Respondent's counsel received the letter of amendment on October 5,

1982, apparently at his office in Georgia. Diamond was unrepresented at the hearing, which was held the following day in New York, and the arbitrators decided to proceed and take Langston's evidence. At the conclusion of the hearing, the arbitrators awarded petitioner $288,248.03 in damages, determined that Langston could retain the 208 undelivered rolls and assessed Diamond for the cost of the arbitration proceeding. Thereafter, petitioner commenced the instant proceeding to confirm the arbitration award. Respondent then cross-moved to vacate the award on the ground that the arbitrators violated rule 5 (c) of the arbitration rules of the Jute Carpet Backing Council, Inc., and, consequently, exceeded their authority. According to rule 5 (c) "After the serving of the Demand and Answer, if any, but before the appointment of the arbitrators, either party may make any new or different claim by giving notice as provided in subparagraph (a) above for the commencement of an arbitration. After the appointment of the arbitrators, no new or different claims may be made except with the consent of the arbitrators and all other parties." It was Diamond's position that petitioner's letter of amendment constituted a "new or different claim" which was asserted after the arbitrators had been appointed and without respondent's consent. Therefore, the arbitrators lacked the authority to consider the allegations contained in the amendment, and the award of $288,248.03 (amounting to more than $200,000 over the original demand) was improper. In opposition to the cross motion to vacate the award, Langston contended that respondent had actual notice of the amendment prior to the hearing and that, at any rate, Diamond had no meritorious defense since it had received the invoices for the goods in question. Special Term granted the cross motion, concluding that: "Although both notices are based upon the same contracts the amended notice sets forth new claims which are based upon different transactions which occurred later in time. Therefore, the arbitrators exceeded their authority by granting an award based upon matters not asserted in the original notice of intention to arbitrate. Also, consideration of the amended notice of intention to arbitrate was violative of the aforementioned consent requirement of the JCBC Rules." The amendment at issue was, as the court correctly pointed out, based upon events which took place after the initial demand for arbitration was made and, as such, was clearly a new claim. Moreover, petitioner could have advanced the supplemental claim well before September 7, 1982, when the parties were informed of the appointment of the arbitrators, yet chose to wait until almost the eve of the hearing to do so. Nevertheless, an arbitration award will not generally be vacated because an arbitrator may have made a mistake of law or fact. (See *Matter of Raisler Corp.* [*New York City Housing Auth.*], 32 NY2d 274.) In *Matter of Raisler Corp.* (*supra*, p 285), the Court of Appeals declared that it is a "fundamental principle in arbitration that unless otherwise provided in the arbitration agreement, errors of law, or what would be errors of law in a court of law, made by the arbitrator, will not be reviewed by the courts." According to the court, when the arbitrator reaches a just result, the courts should properly refuse to intervene regardless of technicalities. Further, where the agreement involved contains a broad arbitration clause, compliance with such conditions precedent as notice provisions and time requirements should be resolved by the arbitrator. (*Matter of United Nations Dev. Corp. v Norkin Plumbing Co.*, 45 NY2d 358; see, also, *Matter of North Amer. Foreign Trading Corp.* [*Rosen*], 58 AD2d 527.) The arbitration award will, thus, be upheld unless the arbitrator's construction of the disputed provision is completely irrational. (*Rodriguez v Consolidated Edison Co. of N. Y.*, 81 AD2d 811; *Matter of Connolly v Board of Educ.*, 53 AD2d 1041.) In the instant matter, the arbitrator's determination was not so irrational as to mandate that the award

be set aside. Rule 15 (b) of the council's rules states that the "arbitrators shall determine the relevancy and materiality of the evidence offered * * * [even] where a party * * * is * * * in default or has waived his right to be present". Pursuant to rule 18, "the arbitrators may proceed to hear and determine the controversy upon the evidence produced" notwithstanding the absence of one of the parties. Rule 22 (c) authorizes the arbitrators to "grant any remedy or relief which they deem just and equitable, whether or not requested by the parties," and rule 23 provides that the "arbitrators shall apply these rules in the manner best calculated to obtain a just and speedy determination of the dispute." Since Diamond appears to have no substantive defense to petitioner's claim, if respondent's arguments were to prevail, the only conceivable result would be to delay the inevitable award to Langston. Moreover, had the arbitrators failed to consider petitioner's amendment, there would have been little for them to resolve since the initial claim for lost profits was largely mooted due to respondent's subsequent acceptance of most of the goods. Under these circumstances, the arbitrator's decision to proceed was entirely appropriate and supported by the rules of the council. Concur — Murphy, P. J., Sullivan, Silverman, Milonas and Kassal, JJ.