## (October 11, 1983)

■ In the Matter of WILLIAM C. KINGSLEY, Respondent, v REDEVCO CORPORATION, Appellant. — Order and judgment of the Supreme Court, New York County (Richard L. Price, J.), entered on July 9, 1982, which granted the motion by petitioner William C. Kingsley to confirm the arbitration award, denied the cross motion by respondent Redevco Corporation to vacate the arbitration award and adjudged petitioner entitled to recover $187,500 plus interest upon said award, is affirmed, with costs and disbursements. Whether or not it would have been better practice for the arbitrators to interpret the rules of the American Arbitration Association in such a manner as to require that they reschedule the arbitration on five days' written notice, the law is well established that an arbitration award will not generally be vacated because arbitrators may have made a mistake of law or fact. (*Matter of Langston Enterprises [Diamond Rug & Carpet Mills]*, 95 AD2d 740; see, also, *Matter of Raisler Corp. [New York City Housing Auth.]*, 32 NY2d 274.) When the arbitrators reach a just result, the courts should not intervene merely because of a possible technical violation. (*Matter of Raisler Corp. [New York City Housing Auth.]*, supra; *Matter of Langston Enterprises [Diamond Rug & Carpet Mills]*, supra.) Moreover, where the arbitration agreement contains a broad arbitration clause, compliance with such conditions precedent as notice

provisions and time requirements should be resolved by the arbitrators. (*Matter of United Nations Dev. Corp. v Norkin Plumbing Co.*, 45 NY2d 358; *Matter of Langston Enterprises [Diamond Rug & Carpet Mills]*, supra; see, also, *Matter of North Amer. Foreign Trading Corp. [Rosen]*, 58 AD2d 527.) Consequently, unless the arbitrators' construction is completely irrational, which is certainly not the situation here, the arbitration award will be upheld. (*Matter of Langston Enterprises [Diamond Rug & Carpet Mills]*, supra; *Rodriguez v Consolidated Edison Co.*, 81 AD2d 811.) Concur — Sullivan, Carro, Milonas and Alexander, JJ.

Murphy, P. J., dissents in a memorandum as follows: On June 3, 1981, petitioner William C. Kingsley demanded arbitration against respondent Redevco Corporation. In an order, entered July 16, 1981, Justice Smith denied Redevco's application for an order staying arbitration, with leave to renew upon proper papers. The American Arbitration Association (AAA), in a notice dated August 26, 1981, scheduled the arbitration for 9:30 A.M. on October 2, 1981 in Manhattan. In an order to show cause dated September 14, 1981 and returnable September 23, 1981, Redevco again sought to stay arbitration permanently. This order to show cause, signed by Justice Smith, staved all arbitration hearings until the application was heard. On the return date, the application was not argued; it was submitted to Justice Helman by the answering service. In a letter dated September 25, 1981, the AAA informed Redevco that the arbitration would proceed on schedule because the application to stay the proceeding had been denied. The AAA sent a second letter, dated September 30, 1981, in which it stated that the stay had not been denied but had expired. Each of these letters had issued after Kingsley's attorney had contacted the AAA. A dispute arose between the parties as to whether the interim stay was still in force. Redevco, in order to protect itself, obtained an order to show cause, dated September 30, 1981 and returnable October 6, 1981. This order to show cause, signed by Justice Williams, stayed the arbitration proceedings. Kingsley's attorney was served with this order to show cause on October 1, 1981. At the request of Kingsley's attorney, the clerk of Special Term, Part II, scheduled a conference before Justice Williams on the morning of October 2, 1981. Justice Williams struck the stay from his order to show cause and he directed the parties to appear immediately at another conference before Justice Helman. The attorneys for each side submitted conflicting affidavits as to what occurred before Justice Helman. According to Redevco's attorney, Justice Helman did not have the original application papers before him. The Justice purportedly made the observation that the arbitration clause seemed to cover all disputes. When apprised of the fact that Kingsley was in default in answering the petition for a stay, Justice Helman informed Redevco's attorney that he had his remedy. Redevco's attorney interpreted Justice Helman's remark to mean that a default should be sought. Thereafter, Redevco's attorney withdrew the motion brought on by the order to show cause dated September 30, 1981. As the parties departed from Justice Helman's chambers at 11:00 A.M., Kingsley's attorney allegedly stated that they were going to arbitration. Kingsley's attorney then called an AAA administrator who, in turn, called Redevco's attorney at about 12:00 P.M. The administrator informed Redevco's attorney that the arbitration would go forward that same day at 2:00 P.M. Redevco did not appear at the arbitration because its witnesses were in Florida. Kingsley's attorney presented a different version of the conference before Justice Helman. He stated that Justice Helman reviewed the entire matter and denied Redevco's application for a permanent stay of arbitration. Since no stay was then in effect, Justice Helman then advised the parties to proceed to arbitration. Upon hearing Justice Helman's decision, Redevco's attorney withdrew the motion brought on by the order to show

cause, dated September 30, 1981. He also informed Justice Helman that Redevco would not appear at the arbitration later that day. The arbitration went forward on the afternoon of October 2, 1981 without Redevco in attendance. Toward the end of October, the three arbitrators rendered their award of $187,500 in favor of Kingsley against Redevco. In a decision dated October 30, 1981, Justice Helman denied Redevco's application for a permanent stay. In his brief, Kingsley does not press the same arguments that were advanced at Special Term in his attorney's affidavit. Kingsley does not claim on appeal that (i) Justice Helman denied the stay on October 2, 1981, or (ii) Redevco withdrew its motion of September 30, 1981 because of Justice Helman's decision, or (iii) Justice Helman advised the parties to go to arbitration on October 2, 1981. Kingsley merely states in his brief that Redevco withdrew its motion of September 30, 1981 at the hearing before Justice Helman. Kingsley apparently retreated from his prior position on these points because Justice Helman did not formally deny the application for a stay until October 30, 1981. Despite Kingsley's retrenchment on certain key points, there is no indication in the record that a stay continued past October 2, 1981. The order to show cause, dated September 23, 1981 stayed the arbitration proceedings until the application for a stay was heard. If Redevco is given the benefit of any doubt as to the length of the stay, it extended until the application was heard by Justice Helman on October 2, 1981. On that hearing date, there is no indication in the record that Redevco's attorney asked for the stay to be extended until the application was finally determined or that the stay was so extended. Moreover, on that same date, Redevco withdrew the motion predicated on the order to show cause dated September 30, 1981. At the time this motion was withdrawn, the order to show cause of September 30, 1981 lacked force because Justice Williams had already struck the stay contained therein. In this procedural quagmire, one fact must be stressed. On the morning of October 2, 1981, Redevco's attorney entered the Supreme Court with a stay of arbitration that extended until October 6, 1981. Redevco did not expect to go to arbitration either that morning or that afternoon. There is no proof that its witnesses, residents of Florida, were even present in New York City on that date. Even if it were assumed that Justice Williams correctly struck his stay and Justice Helman properly permitted the original stay to expire, Redevco would still be entitled to a fair opportunity to assemble its witnesses and to prepare its proof for the arbitration hearing. After both stays had terminated on October 2, 1981, the arbitration should have been rescheduled on five days' notice under section 21 of the AAA rules. Because of this due process violation, the order and judgment of the Supreme Court, New York County (Price, J.), entered July 9, 1982, should be reversed, on the law, and the matter should be remanded for a new arbitration.