■ In the Matter of the Arbitration between NEW PALTZ CENTRAL SCHOOL DISTRICT, Respondent, and NEW PALTZ UNITED TEACHERS et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Torraca, J.), entered March 17, 1983 in Ulster County, which granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award. At issue on this appeal is whether Special Term erred in vacating the award of an arbitrator in a teachers' grievance which modified a prior award of the arbitrator by altering certain conditions on the remedy of reinstatement granted in the prior award. We find no error and, therefore, affirm Special Term's judgment. Pursuant to the grievance provisions of the parties' collective bargaining agreement, the following issues were submitted to the arbitrator: "Did the District violate article 9 (B) of the Collective Bargaining Agreement when it failed to appoint grievant * * * to a vacant Social Studies position effective March 16, 1981? If so, what shall be the remedy?" In his original award, dated April 21, 1982, the arbitrator concluded that the school district had violated the agreement by failing to appoint grievant to the vacant position effective March 16, 1981, declared grievant entitled to "that same position (reduced to a 2/5 position)" for the 1981-1982 school year, and awarded him two fifths of the annual salary called for by grievant's position on the salary schedule. By award dated July 14, 1982, the arbitrator, at the request of grievant's union and over the objections of the school district, modified his award of April 21, 1982 by deleting any reference to two fifths in describing the position and salary to which grievant was entitled. The school district's application to vacate the modified award was granted by Special Term and this appeal ensued. Prior to the enactment of CPLR 7509, an arbitrator lacked the authority to alter or modify an award (see *Matter of Mole* [*Queen Ins. Co.*], 14 AD2d 1, 2). CPLR 7509 provides that, on written notice of one of the parties, an arbitrator may modify his award upon the grounds stated in CPLR 7511 (subd

[c]), which are the grounds upon which a court may modify an award. The intent of CPLR 7509 is "not to permit the arbitrator to re-examine the grounds of the award or to alter the decision, but to permit modification only on the limited grounds set forth in CPLR 7511 (c)" (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 7509:1, pp 553-554). The arbitrator herein concluded that any reference to a two-fifths position or two-fifths salary was beyond the issues submitted to him since he was not asked to determine whether grievant was entitled to a full or part-time position. Pursuant to CPLR 7511 (subd [c], par 2), an award may be modified where "the arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted". In addition to the substantive issue of whether the school district had violated the collective bargaining agreement, the submission to the arbitrator contained the question, "what shall be the remedy", which indicates the parties' intent to confer broad authority upon the arbitrator (*Matter of Murray Walter, Inc. [Laborers Int. Union]*, 54 AD2d 1055, 1056). In our view, the arbitrator's award declaring grievant entitled to a two-fifths position and a two-fifths salary for the 1981-1982 school year fell well within the scope of that broad submission. The arbitrator's deletion of the references to two fifths constitutes a substantial change in the remedy, which he had broad authority to determine pursuant to the submission, and cannot be considered a mere correction. Accordingly, CPLR 7511 (subd [c], par 2) is not applicable. Similar reasoning excludes the other two grounds for modification specified in CPLR 7511 (subd [c]). Grievant's union argues that since the arbitrator, in his original award, retained jurisdiction "pending the parties agreeing upon the appropriate compensation due the grievant", he had the authority to modify the remedy. The arbitrator, however, did not rely upon this provision, which relates only to the calculation of the dollar amount due the grievant and not the merits of what the remedy should be. Finally, the union argues that, in any event, the modified award should not have been vacated by Special Term since CPLR 7511 (subd [b]), which states that grounds for vacating, does not specify improper modification as a ground. As noted above, however, an arbitrator lacks the authority to modify an award, except for the limited grounds in the statute, and those grounds were not present herein. Accordingly, the arbitrator exceeded his power in making the modified award and, pursuant to CPLR 7511 (subd [b], par 1, cl [iii]), Special Term properly vacated it, leaving the original award extant. Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.