■ In the Matter of the Arbitration between FINCH, PRUYN & COMPANY, INC., Appellant, and UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA (AFL-CIO), LOCAL 229, Respondent. — Kane, J. P. Appeal from an order of the Supreme Court at Special Term (Ford, J.), entered October 28, 1983 in Warren County, which denied petitioner's application pursuant to CPLR 7511 to modify or, in the alternative, partially vacate an arbitration award.

Petitioner owns and operates a paper manufacturing plant. In May and July of 1982, petitioner laid off 16 millwrights employed in its plant; nine more millwrights were laid off during January and March of 1983. The laid-off millwrights are apparently members of respondent. Pursuant to a grievance procedure provided in a 1981-1983 collective bargaining agreement between petitioner and respondent, respondent submitted a grievance to petitioner on July 22, 1982, alleging, *inter alia,* that: "The company is in violation of the contract * * * While we have men on layoff the company is employing outside millwrights to perform routine maintenance which is in direct violation of our seniority clause". The parties, being unable to resolve the issue, submitted to arbitration a stipulated issue which was drafted in the following terms: "Whether or not Finch, Pruyn & Company, Inc. violated the 1981-1983 labor agreement with Local 229, United Brotherhood of Carpenters and Joiners of America (AFL-CIO) by contracting out work while members of the bargaining unit represented by Local 229 were on layoff; and, if so, what shall be the remedy."

The arbitration hearing was commenced on April 6, 1983. During the hearing, evidence was received concerning employees laid off in 1983. Petitioner objected to the admission of such

evidence as it pertained to events which occurred after the grievance was filed on July 22, 1982. The objections were overruled and the evidence was admitted. At the conclusion of the testimony, the arbitrator found that petitioner did not violate the collective bargaining agreement with regard to the 1982 layoffs since petitioner was, in 1982, experiencing economic difficulties which qualified as an emergency. However, it was also determined that the emergency had abated by 1983 and, therefore, that petitioner had violated the agreement in contracting for outside millwrights in 1983 while it had laid off millwrights in that same year. Accordingly, an award was made denying the grievances of the millwrights laid off in 1982 and granting the grievances of those who had been laid off in 1983. Petitioner was directed to pay lost wages to those laid off in 1983, due to petitioner's employment of outside contractors, and to restore lost benefits.

Petitioner moved pursuant to CPLR 7511 for an order to modify or, in the alternative, to partially vacate that portion of the award granting the grievances of those laid off in 1983 on the grounds, *inter alia*, that the portion of the award was based on a matter not submitted to the arbitrator. Respondent cross-moved for an order confirming the award. Special Term denied petitioner's motion and granted respondent's cross motion to confirm the award. This appeal by petitioner ensued.

Petitioner contends that the arbitrator exceeded the scope of his authority by determining the issue of whether petitioner's 1983 conduct was in violation of the provisions of the agreement. This contention is without merit.

In the case at bar, the arbitrator, pursuant to article 10 of the agreement, had the authority to apply and interpret the provisions of the agreement. The only limitation placed on the powers of the arbitrator by that article provided that the arbitrator "shall not have the authority to add to or subtract from or modify any of the terms of this agreement or to establish or change any rate of pay or wages, except as noted in four (4) above".

The issue claimed by petitioner not to be within the scope of the arbitrator's authority concerned the application and interpretation of provisions of the agreement regarding the circumstances in which nonunion help could be employed by petitioner (article 2 of the agreement) and seniority rights with regard to layoffs (appendix C of the agreement). The issue did not pertain to what could be perceived as a modification of the agreement (*see, Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 302, 307-308). Moreover, the substantive issue challenged cannot be

distinguished from the issue of whether the 1982 contracting for outside millwrights by petitioner, after it had laid off millwrights in that same year, constituted a violation of the agreement. Petitioner does not seek to modify or vacate that portion of the award which resolved this latter issue.

Petitioner next contends that the issue stipulated by the parties for submission to arbitration was based on the July 22, 1982 grievance and did not encompass the 1983 layoffs. This contention is not supported by the record and must, therefore, be rejected.

In this case, both the grievance and the stipulation as to the issue to be arbitrated were specific as to the type of conduct which was at issue and did not, in either instance, establish a time frame in which the claimed violations occurred; thus, as drafted, they did not exclude petitioner's 1983 conduct. Further, it appears that the stipulation as to the issue to be arbitrated was reached by the parties during the initial stages of the hearing which commenced in April 1983, after the layoffs of January and March of that year. The consideration of petitioner's 1983 conduct by the arbitrator was within the scope of that broad stipulation (*see, Matter of New Paltz Cent. School Dist. [New Paltz United Teachers]*, 99 AD2d 907, 908). Accordingly, the order must be affirmed.

Order affirmed, with costs. Kane, J. P., Weiss, Mikoll and Yesawich, Jr., JJ., concur.