OPINION OF THE COURT
Bernard F. McCaffrey
Petitioner’s application to vacate an October 12, 1989 arbitrator’s decision issued October 20, 1989, is determined as hereinafter provided.
On September 13, 1989, petitioner filed a request for arbitration with the Attorney-General’s office pursuant to General Business Law § 198-a (New Car Lemon Law). Thereafter, on October 12, 1989, an arbitration hearing was held before the *663 appointed arbitrator, Alfred Udow, who rendered a written decision on a form prescribed by the administrator (13 NYCRR 300.17 [a]) immediately upon its conclusion. Essentially, the arbitrator denied petitioner’s request finding that he had failed to establish four or more repair attempts within 18,000 miles or 20 months, whichever occurred first. (General Business Law § 198-a.)
Sometime after the conclusion of the hearing, petitioner notified Lenore Siegel, the tribunal administrator, by telephone of his desire to withdraw the request to arbitrate. That request was confirmed by FAX, and later that day the administrator forwarded a copy of same to respondent.
At the time petitioner telephoned her, Ms. Siegel was apparently unaware of whether or not Mr. Udow had rendered his decision. However, after subsequently learning that the decision had, in fact, been rendered, petitioner’s request was denied. A decision was issued on October 20,1989.
Simply put, it is respondent’s position that a consumer’s right to withdraw a request to arbitrate "prior to decision” (13 NYCRR 300.16 [a]) must occur before the arbitrator renders a decision (13 NYCRR 300.17 [a]) as opposed to the date it is subsequently issued (13 NYCRR 300.17 [g]).
Conversely, petitioner contends that the arbitrator exceeded his authority in refusing to permit him to withdraw.
The regulations implementing section 198-a are contained within 13 NYCRR part 300. More specifically, the relevant provisions provide as follows:
"300.16 Withdrawal or settlement prior to decision: (a) A consumer may withdraw his/her request for arbitration at any time prior to decision. If the administrator is notified by the consumer of his/her request to withdraw the claim within seven business days of the filing date, the administrator shall refund the filing fee.”
"300.17 The decision: (a) The arbitrator shall render a decision within 40 days of the filing date which shall be in writing on a form prescribed by the administrator and approved by the Attorney General. The decision shall be dated and signed by the arbitrator * * *
"(f) The administrator shall review the decision for technical completeness and accuracy and advise the arbitrator of *664 any suggested technical corrections, such as computational, typographical or other minor corrections. Such changes shall be made only with the consent of the arbitrator.
"(g) After review, the administrator shall, within 45 days of the filing date, mail a copy of the final decision to both parties, the arbitrator, and the Attorney General. The date of mailing to the parties shall be date-stamped by the administrator on the decision as the date of issuance * * *
"(i) The arbitrator’s decision is binding on both parties and is final, subject only to judicial review pursuant to CPLR, article 75. The decision shall include a statement to this effect.” (Emphasis added.)
Even a cursory review of the regulatory scheme enacted by the Legislature therefor reveals that the administrator’s review for technical deficiencies is essentially ministerial in nature. The binding substantive decision is that of the arbitrator, who must approve any subsequent typographical or comparable alterations suggested by the administrator. A contrary interpretation would simply permit a consumer, who anticipated an adverse determination, to withdraw after compelling the time and expense of a hearing from which a decision had been rendered, but not yet issued.
Significantly, no challenge has been raised to the substance of the arbitrator’s determination — that the petitioner lacks an adequate number of repair attempts to qualify for relief. "The law is well established that an arbitration award will not generally be vacated because arbitrators may have made a mistake of law or fact. (Matter of Langston Enterprises [Diamond Rug & Carpet Mills], 95 AD2d 740; see, also, Matter of Raisler Corp. [New York City Housing Auth.], 32 NY2d 274.) When the arbitrators reach a just result, the courts should not intervene merely because of a possible technical violation.” (Matter of Kingsley v Redevco Corp., 97 AD2d 364, affd 61 NY2d 714 [1st Dept 1983].)
Petitioner’s application to vacate the aforementioned decision is, therefore, denied.