■ KINGSBRIDGE CENTER OF ISRAEL, Appellant, v SAMUEL A. TURK, Respondent. — Order of the Supreme Court, Bronx County (Alfred J. Callahan, J.), entered on March 24, 1983, which granted the petition of the Kingsbridge Center of Israel to the extent of confirming in part the report of the Beth Din which establishes the term of the employment contract between the petitioner Kingsbridge Center of Israel and the respondent Samuel A. Turk to be for the lifetime of said respondent and determined that respondent had not breached the terms of said employment contract and denied the motion by respondent for an order transferring the controversy to a standing religious tribunal is unanimously modified, on the law, without costs, to the extent of confirming in full the award of the Beth Din and is otherwise affirmed. Anticipating his retirement as rabbi of the petitioner Kingsbridge Center of Israel, after approximately 40 years of services, the respondent on or about September 21, 1976, wrote to the president of petitioner indicating that he desired to be relieved of his existing duties as rabbi in approximately six years from date and requested that the congregation increase his pension fund contributions so

that, upon his retirement, he would receive an annual yield of approximately $10,000 per year. Various disputes arose between petitioner and respondent over the retirement fund. Ultimately the rabbi was informed by the president of petitioner that contrary to his belief and assertion, he did not have a lifetime contract with the congregation and, moreover, the board of trustees intended to recommend to the congregation that another rabbi be hired. In January of 1982, respondent proposed to the petitioner that a Din Torah (court of Jewish law) adjudicate his claim of a lifetime contract with the congregation and his right to the continued payment of his salary and pension contributions by the synagogue. Petitioner refused to submit to the Din Torah, and in March of 1982, both parties agreed to submit to the jurisdiction of the Beth Din (rabbinical court). They executed an agreement to make such a submission both in Hebrew and English. The English version of that agreement, in pertinent part, reads as follows: "We the undersigned the parties to a controversy that has arisen between us hereby submit our controversy to the following Beth Din * * * We hereby expressly agree that the determination of the said Beth Din shall be binding upon us with the same force and effect as if said determination was made in a Court of Law in the State of New York. It is further agreed among us that in the event either of us does not obey fully the ruling and determination of said Beth Din (Rabbinical Court), whether by arbitration or whatever decision, then either party may enter a judgment in the appropriate Court(s) in the State of New York." The parties agreed that the Beth Din would rule in accordance with Halacha (Jewish law) and/or peshara krovoh l'din (compromise nearest to the law). The proceedings of the Beth Din were conducted in Hebrew and the Beth Din rendered its decision after a hearing in which both parties participated. As translated by petitioner, the English version of the Beth Din's decision provides essentially that the congregation was obligated to maintain the respondent "as heretofore" for "an indefinite period". (Respondent contends in his cross motion to vacate and set aside the decision of the Beth Din that the correct English translation of the Hebrew version of the decision in respect to the term of the employment is that the employment should continue "all the days of his life", rather than "an indefinite period".) The Beth Din also determined that the respondent was to fully perform his duties as rabbi. The Beth Din "In the spirit of compromise and for the peace and harmony of the Congregation and the Rabbi" modified the agreement to provide that respondent would remain the rabbi of the congregation until November 7, 1983, at which time he would retire. In the meantime, the congregation was not to engage or seek to engage the services of another rabbi. The pension contributions made by the congregation were to continue until the respondent reached age 65 and upon his retirement on November 7, 1983, the respondent was to receive from the congregation the sum of $18,000. Thereafter, petitioner sought to confirm the Beth Din's determination as an arbitration award pursuant to CPLR 7510. Respondent cross-moved to vacate the decision, claiming that the Beth Din had exceeded their authority. Respondent contended that the authority of the Beth Din was merely to determine the terms of the employment contract under Jewish law. Having found that the contract of employment was a lifetime contract and that the respondent had not breached that contract, the Beth Din was without authority to proceed to compromise the dispute. He contends that the English translation of the decision differs markedly from the original Hebrew and that the English version of the submission that he signed also differs significantly from the Hebrew version. He says that he signed the English translation without reading it and urged the court to decline jurisdiction and to transfer the matter to a standing religious court. Special Term denied the cross motion to vacate the decision of the Beth Din, finding that the parties had agreed in

writing to have the matter and controversy resolved by the Beth Din and agreed to be bound by its determination. Special Term correctly held that such an agreement constitutes a valid arbitration agreement pursuant to CPLR 7501 and the provisions of CPLR article 75 are applicable to the decision of the Beth Din (*Matter of Kozlowski v Seville Syndicate,* 64 Misc 2d 109). The court below erred however in holding that the Beth Din was without authority to modify the terms of the agreement. We agree that in the absence of an agreement to the contrary, an arbitrator may not modify the terms of the contract between the parties and that where the arbitrator purports to do so, he acts in excess of his authority. However, the stipulation signed by the parties submitting their dispute to the Beth Din fully empowered the arbitrators to reach a compromise in resolving the controversy, and to put at rest the dispute between the parties. The Beth Din was empowered to rule in accordance with Halacha (Jewish law) and/or peshara krovoh l'din (compromise nearest to the law) and the parties agreed that the determination of Beth Din would be binding upon them. As has been previously observed a "peshara" is effectively an arbitration tribunal and "[m]ay seek to compromise the parties' claims, and is not bound to decide strictly in accordance with the governing rules of Jewish law, but may more carefully weigh the equities of the situation." (See *Matter of Kozlowski v Seville Syndicate,* 64 Misc 2d 109, 113, and authorities cited therein.) The scope of review and the power of a court to vacate the arbitrator's award is limited. (See CPLR 7511.) Such an award generally will not be vacated because an arbitrator may have made a mistake of fact or of law (see *Matter of Raisler Corp. [New York City Housing Auth.],* 32 NY2d 274). The arbitration award will be upheld unless the arbitrator renders an irrational decision (*Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578; *Matter of Langston Enterprises [Diamond Rug & Carpet Mills],* 95 AD2d 740). Here there is nothing irrational about the award of the arbitration panel; the determination was clearly within their power to make and should be confirmed. Concur — Sullivan, J. P., Fein, Milonas and Alexander, JJ.